[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12757
Non-Argument Calendar
_____

Agency No. A206-144-294

FRANKLIN ARIEL GUZMAN-GARCIA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 24, 2019)

Before JORDAN, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Franklin Ariel Guzman-Garcia seeks review of the Board of Immigration Appeals' final order denying his motion to reopen his appeal from the Immigration Judge's order based on ineffective assistance of counsel.[1]  Generally, he argues that the BIA abused its discretion in denying his motion to reopen because he properly established that he was prejudiced by his counsel's ineffective assistance. More specifically, he argues that he established that he was prejudiced by showing that, but for his counsel's ineffective assistance, the IJ would not have made an adverse credibility finding.

For ease of reference, we will address each issue in turn.

## I

We review our subject matter jurisdiction *de novo*.  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam).  We may review a final order of removal only after an alien has exhausted all administrative remedies available to him.  Immigration Nationality Act § 242(d)(1), 8 U.S.C. § 1252(d)(1); *see also Amaya-Artunduaga*, 463 F.3d at 1250.  This requirement is jurisdictional, and thus precludes review of a claim that was not presented to the BIA.  *Amaya-Artunduaga*, 463 F.3d at 1250.  To properly raise a claim before the

---

[1] Guzman-Garcia states that he is proceeding *pro se*.  We note, however, that his filings are also filed as care of the Immigrants' Rights Center in Orlando, Florida.  The Immigrants' Rights Center appears to use this approach frequently in our Court.  *See, e.g.*, Appeals Nos. 18-11130, 17-14227, 17-14226, 17-13475, 17-13329, 16-16134, and 15-12397.  We reserve judgment on this here because the standard, or lens, through which we view the appeal does not affect the outcome.

BIA, the petitioner must present the "core issue now on appeal," to give the agency a full opportunity to consider the petitioner's claim and compile a record adequate for judicial review. *Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1228 n.3 (11th Cir. 2008). "Unadorned, conclusory statements" are not enough to satisfy the "core issue" requirement. *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015). Administrative exhaustion requires that the petitioner provide "information sufficient to enable the BIA to review and correct any errors below." *Id.* Although the BIA may *sua sponte* address an issue, that is insufficient for exhaustion. *Amaya-Artunduaga*, 463 F.3d at 1250.

In *Amaya-Artunduaga*, the petitioner failed to challenge the IJ's adverse credibility determination before the BIA, and instead argued the merits of his claim for asylum and withholding of removal. 463 F.3d at 1250. The BIA, however, addressed the adverse credibility determination *sua sponte*. *Id.* On appeal, Amaya-Artunduaga challenged the credibility finding, but this Court held that he had "failed to raise his claim … before the BIA" and, therefore, the Court lacked subject matter jurisdiction to consider it. *Id.*; *see also* 8 U.S.C. § 1252(d)(1). Explaining that the exhaustion doctrine exists in part to "avoid premature interference with administrative processes," this Court reasoned that our own appellate consideration of the issue would frustrate certain objectives of the doctrine—e.g., presenting a claim in the context of argument, compiling an

3

adequate record for judicial review, and providing a full opportunity to consider the presented claims. *Id.* at 1250–51.

Here, although Guzman-Garcia properly exhausted before the BIA his general argument that he was prejudiced by his counsel's ineffective assistance, he failed to exhaust the more specific argument, which he now raises, that the ineffective assistance caused the IJ's adverse credibility finding. Having not pressed the adverse-credibility argument before the BIA, Guzman-Garcia cannot now satisfy the "core issue" exhaustion requirement. Therefore, we conclude that we lack jurisdiction to consider Guzman-Garcia's specific adverse-credibility-based ineffective assistance argument. *Amaya-Artunduaga*, 463 F.3d at 1250. Accordingly, Guzman-Garcia's petition for review is dismissed in relevant part.

## II

We do, however, have jurisdiction to consider Guzman-Garcia's more general ineffective-assistance argument. *See Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1261–62 (11th Cir. 2003) (discussing appellate jurisdiction over a BIA denial of a motion to reopen or reconsider a removal order). We review the denial of a motion to reopen an immigration petition for an abuse of discretion. *Jiang v. U.S. Att'y. Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). "Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner," and the moving party bears a heavy burden. *Id.*; *Ali v. U.S. Att'y. Gen.*,

443 F.3d 804, 813 (11th Cir. 2006) (per curiam). The Board abuses its discretion when it misapplies the law in making its decision or fails to follow its own precedents without providing a reasoned explanation. *Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1243 (11th Cir. 2013).

An alien may generally file one motion to reopen his removal proceedings and must do so within 90 days of the date of entry of a final order of removal. INA § 240(c)(7)(A), (C)(i), 8 U.S.C. § 1229a(c)(7)(A), (C)(i). This timeliness requirement and the numerical limitation may be equitably tolled if the petitioner pursues a claim for ineffective assistance of counsel. *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1273–74 (11th Cir. 2005) (per curiam); *see Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1363–64 (11th Cir. 2013) (*en banc*). To establish that equitable tolling is warranted, a petitioner must show (1) that he had been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way. *Ruiz-Turcios v. U.S. Att'y Gen.*, 717 F.3d 847, 851 (11th Cir. 2013). We have further suggested that the ineffective assistance of counsel can form a basis for equitable tolling. *See generally id.*; *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988).

In civil removal proceedings, an alien possesses the constitutional right under the Fifth Amendment's Due Process Clause to a fundamentally fair hearing and to effective assistance of counsel where counsel has been obtained. *Dakane*,

5

399 F.3d at 1273–74.  To show the ineffective assistance of counsel in the context of a deportation hearing, an alien must establish that his counsel's performance was deficient to the point that it undermined the "fundamental fairness" of the hearing.  *Gbaya v. U.S. Att'y Gen.*, 342 F.3d 1219, 1221 (11th Cir. 2003) (per curiam) (quotation omitted).  The alien must then also establish a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different.  *Dakane*, 399 F.3d at 1274.  Accordingly, prejudice looks to the underlying removal grounds and arguments.

We review factual determinations, which include credibility determinations, under the substantial-evidence test.  *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1254–55 (11th Cir. 2006) (per curiam).  We must affirm the decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  *Id.* (citation omitted).  For us to conclude that a finding of fact should be reversed, we must determine that the record compels reversal.  *Id.*

An adverse credibility determination standing alone is sufficient to support the denial of an asylum application when there is no other evidence of persecution.  *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005).  However, if the applicant produces other evidence of persecution, the IJ must consider that evidence and may not rely solely on the adverse credibility determination.  *Id.*

The Attorney General has the authority to grant asylum to an alien who meets the INA's definition of "refugee."  INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A).  A refugee is

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).  The applicant bears the burden of proving that he is a refugee.  INA § 208(b)(1)(B)(i), 8 U.S.C. § 1158(b)(1)(B)(i). The applicant must present specific and credible evidence demonstrating that he (1) was persecuted in the past based on one of the protected grounds or (2) has a well-founded fear that he will be persecuted in the future based on one of the protected grounds.  *Ruiz*, 440 F.3d at 1257.

To establish eligibility for withholding of removal under the INA, the applicant must demonstrate that, if he were removed, his life or freedom would be threatened because of his race, religion, nationality, membership in a particular social group, or political opinion.  *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232 (11th Cir. 2005) (per curiam) (citation omitted).  The standard for withholding of removal is "more stringent" than the standard for asylum.  *Id.*

Guzman-Garcia claimed eligibility based on his membership in a particular social group—and he defined that group as "11-12 year old male child victim[s] of

7

persecution." A social group defined by the claimed persecution, however, is not cognizable under the INA. *Rodriguez v. U.S. Att'y Gen.*, 735 F.3d 1302, 1310 (11th Cir. 2013) (per curiam) (holding that "the risk of persecution alone does not create a particular social group").

We conclude that the BIA did not abuse its discretion by finding that Guzman-Garcia's motion to reopen did not sufficiently establish that he had been prejudiced by his counsel's representation. Guzman-Garcia presented one conclusory statement to the BIA—that he was "prejudiced by the actions and inactions of his former counsel"—which the agency reasonably declined to credit. The motion contained no evidence that, but for the errors of the former attorney, the outcome of the proceedings would have been different. Setting aside Guzman-Garcia's credibility argument, dismissed above, both the IJ and the BIA found that even were he credible, "his claim does not fall within a protected category under the [INA]." Guzman-Garcia presented no reasonable possibility that, with effective assistance of counsel, the BIA would have recognized his stated social group as cognizable under the INA. Thus, because the BIA did not abuse its discretion in concluding that he failed to establish prejudice from ineffective assistance of his counsel, we deny Guzman-Garcia's petition for review in part.

**DISMISSED IN PART, DENIED IN PART.**

8