[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10655
Non-Argument Calendar
_____

Agency No. A088-490-356

RIGOBERTO VALDEZ SALAZAR,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 4, 2020)

Before ROSENBAUM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Rigoberto Guadalupe Valdez Salazar seeks review of the Board of Immigration Appeals' ("BIA") final order dismissing his appeal from the immigration judge's ("IJ") decision denying his second motion to reopen. Salazar argues that he received ineffective assistance of counsel because his two former attorneys withdrew his application for cancellation of removal without his consent, misled him into accepting voluntary departure, and failed to properly assert his rights in his first motion to reopen. For the following reasons, we grant Salazar's petition and remand for further proceedings.

## I.    FACTUAL AND PROCEDURAL HISTORY

Salazar, a native and citizen of Mexico, entered the United States without permission at an unknown location in July 1996. He has remained in the United States since that time and fathered two children, both of whom are United States citizens. On February 2, 2008, following his arrest for a minor traffic infraction, the Department of Homeland Security ("DHS") filed a Notice to Appear ("NTA") with the immigration court initiating removal proceedings against Salazar. The NTA charged removability on the grounds that Salazar was present in the United States without being admitted or paroled under 8 U.S.C. § 1182(a)(6)(A)(i).

Salazar retained Robert Piccarreto as counsel to assist him with an application for cancellation of removal, and on July 29, 2008, Salazar with Piccarreto appeared before the IJ for his master calendar hearing. At the hearing, Salazar, through his

2

counsel, admitted the factual allegations in the NTA and filed an application for cancellation of removal or, in the alternative, voluntary departure. On October 10, 2012, Salazar, again with Piccarreto, appeared at a second hearing. The record does not expressly reveal what happened at the October hearing, although the events of that hearing remain relevant. Salazar claims that, minutes before the hearing, Piccarreto informed him in English and without a translator that he must withdraw his application for cancellation of removal and accept voluntary departure. Although he did not understand what Piccarreto was saying, Salazar followed his attorney's instructions and signed and initialed the document requesting voluntary departure. What is clear from the record is that, during the hearing, Piccarreto, on behalf of Salazar, withdrew the application for cancellation of removal and submitted the voluntary departure request. The IJ granted Salazar pre-conclusion voluntary departure, allegedly issued the required advisals about the consequences of voluntary departure, and ordered Salazar to depart the United States by February 7, 2013.

Salazar, however, did not depart. On March 8, 2018—more than six years after he was ordered to depart the United States—Salazar hired new counsel, Uriel Delgado, and filed his first motion to reopen, arguing that the proceedings against him should be reopened because he received ineffective assistance of counsel from his former attorney, Piccarreto, and because he was statutorily eligible for

3

cancellation of removal. On June 6, 2018, the IJ denied the motion, finding that it was untimely and that Salazar had failed to comply with the requirements for raising an ineffective assistance of counsel claim. The IJ further stated that even if Piccarreto had failed to adequately inform him about his request for voluntary departure, there was sufficient evidence on the record—i.e., Salazar initialed the document in thirteen locations and signed it, he did not speak up during the hearing where a translator was present about the request, and he received notice of the grant of the request with instructions and warnings—to indicate that Salazar voluntarily requested voluntary departure.

On July 17, 2018, Salazar, through his then-counsel Delgado, filed a motion to reconsider, which was denied by the IJ because it raised the same facts and arguments as in the motion to reopen. Shortly after this denial, Salazar again sought new counsel. On December 3, 2018, Salazar, through his new and current counsel, Maura Finn, filed a second motion to reopen. In the second motion to reopen, Salazar argued that he received ineffective assistance of counsel from his two prior attorneys, that this ineffectiveness should equitably toll the time and number limitations on the motion to reopen, and that he is prima facie eligible for cancellation of removal.

On May 22, 2019, the IJ denied the second motion to reopen, finding that it was time- and number-barred. The IJ further found that Salazar voluntarily

4

requested pre-conclusion voluntary departure as evidenced by the request that he signed and initialed thirteen times and the fact that he did not object to or ask questions about the request during the hearing. Because the request was voluntarily made, the IJ stated that any claimed ineffective assistance of counsel did not negate the request. The IJ then declined to favorably exercise his sua sponte authority to reopen proceedings.

Salazar timely appealed the IJ's denial to the BIA. The BIA dismissed Salazar's appeal, finding that he failed to satisfy the procedural requirements to raise a claim of ineffective assistance of counsel, that he failed to establish that he suffered prejudice from his former counsels' ineffectiveness, and that his initial counsel's, Piccarreto, actions showed that he was merely making a tactical decision related to Salazar's case. The BIA further agreed with the IJ that this case did not warrant the exercise of its discretion to sua sponte reopen the case. This timely petition for review followed.

## II.    STANDARD OF REVIEW

We review the denial of a motion to reopen an immigration proceeding for abuse of discretion, determining only "whether the BIA exercised its discretion in an arbitrary or capricious manner." *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). "The BIA abuses its discretion when it misapplies the law in reaching its decision," or when it fails to follow "its own precedents without

5

providing a reasoned explanation for doing so." *Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1243 (11th Cir. 2013). The appellant bears a heavy burden in proving arbitrariness or capriciousness because motions to reopen in the context of removal proceedings are particularly disfavored. *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009). The BIA, however, must have given "reasoned consideration" to a petitioner's claims, and we will remand if its explanation (or lack thereof) makes "meaningful review" impossible. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 803 (11th Cir. 2016).

## III.    ANALYSIS

The BIA's dismissal of Salazar's appeal lacked the requisite "reasoned consideration" to allow us to meaningfully review this petition. Generally, an alien can file only one motion to reopen and must do so within ninety days of the final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i). This ninety-day deadline and numerical limitation are subject to equitable tolling, but only if a petitioner has diligently pursued his rights and some "extraordinary circumstance stood in his way." *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 872 (11th Cir. 2018) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Where a motion to reopen raises an ineffective assistance claim, the facts underlying such a claim may serve as the basis for both equitable tolling and the merits of a motion to reopen, but the inquiries

6

into equitable tolling and the merits remain separate. *Ruiz-Turcios v. U.S. Att'y Gen.*, 717 F.3d 847, 851 (11th Cir. 2013).

Here, the BIA merely reiterated the IJ's findings that Salazar's second motion to reopen was time and number barred. But it failed to address Salazar's argument that the filing deadline and motion number should be equitably tolled because of his two prior counsels' ineffective assistance. The BIA was completely silent as to any claimed diligence on Salazar's part or whether the ineffective assistance of his prior counsels constituted an "extraordinary circumstance." And although the BIA need not have addressed the "crux" of each claim, *Lin*, 881 F.3d at 875, the bare bones decision before us does not make it clear whether it considered Salazar's arguments at all or whether any of those arguments may justify tolling here. We therefore grant Salazar's petition and remand to the BIA to make such a determination in the first instance.

With regard to the merits of Salazar's ineffective assistance of counsel claim, the BIA expressly adopted the IJ's determination that Salazar had not satisfied the procedural requirements laid out in *Matter of Lozada*, 19 I. & N. 637 (BIA 1988), for raising a claim of ineffective assistance of counsel and that exceptional circumstances were not present to warrant sua sponte reopening. The BIA also agreed with the IJ's determination that Salazar had not shown the requisite prejudice to establish ineffective assistance of counsel. Because the BIA expressly adopted

and agreed with the IJ's opinion on these issues, we review both the decisions of the BIA and the IJ. *See Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947–48 (11th Cir. 2010).

Like the BIA's analysis regarding the motion to reopen, the BIA's analysis here was also lacking. Aliens have the right to retain private counsel in their removal proceedings. 8 U.S.C. § 1362. And aliens who are represented in removal proceedings have the right to effective assistance of counsel. *Gbaya v. U.S. Att'y Gen.*, 342 F.3d 1219, 1221 (11th Cir. 2003) (citing *Mejia-Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir. 1999)). To raise a successful ineffective assistance of counsel claim, a petitioner must establish "substantial, if not exact, compliance with the procedural requirements of *Lozada*" and must also show that counsel's performance was deficient and resulted in prejudice. *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1274 (11th Cir. 2005). "Prejudice exists when the performance of counsel is so inadequate that there is a reasonable probability that but for the attorney's error, the outcome of the proceedings would have been different." *Id.*

The parties do not dispute that Salazar did in fact substantially meet the procedural requirements to raise an ineffective assistance of counsel claim. Rather, they dispute the correctness of the BIA's affirmance of the IJ's determinations that Salazar was not prima facie eligible for the underlying relief sought and that he failed to show prejudice. As to the eligibility determination, the BIA held that the IJ properly denied Salazar's motion to reopen because he cannot show prima facie

8

eligibility for the relief he seeks—cancellation of removal.  The IJ held that because Salazar failed to depart by the date set out in his voluntary departure order, he is not eligible for cancellation of removal until 2022.  It is true that "a motion to reopen will not be granted unless the [petitioner] establishes a prima facie case of eligibility for the underlying relief sought." *Matter of S-V-*, 22 I. & N. Dec. 1306, 1307 (B.I.A. 2000) (citing *INS v. Abudu*, 485 U.S. 94 (1988)).  But the IJ and BIA misconstrued the underlying relief sought—namely, if Salazar's counsel had not been ineffective, he would not have withdrawn his initial application for cancellation nor accepted voluntary departure.  As such, the eligibility determination must be based on his eligibility for cancellation back at the initial hearing prior to any request for voluntary departure, not based on the circumstances as they stand today.

As to its finding of no prejudice, the BIA held that the IJ correctly found that Salazar failed to show that he suffered actual prejudice from his prior counsels' conduct and adopted the IJ's reasoning for that conclusion.  The IJ held that there was no prejudice because any alleged ineffectiveness by Salazar's prior counsel did not negate the fact that it found that Salazar had voluntarily taken pre-conclusion voluntary departure.  Salazar argues that the IJ's prejudice finding failed to take into account the fact that the document he signed was in English, which he does not understand; his initial attorney did not speak Spanish, the only language Salazar does speak, and there was no translator present when his attorney instructed him to sign

and initial the request; although there was a translator present at the October hearing, the IJ never asked any questions directed to Salazar about the request or whether it was being made voluntarily; and neither the IJ nor his attorney provided Salazar with an explanation in Spanish of what voluntary departure entailed and the warnings of failing to comply with the order.  Based on these facts, according to Salazar, he would not have requested or accepted voluntary departure but for the failures of his initial attorney.

Salazar, however, failed to request or provide the transcript from the October hearing, so our review of his voluntariness is hampered by the inadequacy of the record before us.  And although "we can review an alien's petition for review asserting lack of voluntariness without a transcript" where the IJ re-created and memorialized its findings in a written order, if "we are unclear whether the recreation reflects the entirety of the hearing" or "uncertain whether the record has been adequately reconstructed," a remand is appropriate.  *Flores-Panameno v. U.S. Att'y Gen.*, 913 F.3d 1036, 1041–42 (11th Cir. 2019).  Here, such a remand is appropriate. The IJ stated that he reviewed Salazar's request for voluntary departure, which was signed and initialed by Salazar thirteen times, that Salazar never spoke up at the October hearing protesting departure or questioning the request, and that the IJ provided Salazar a written notice of his voluntary departure with additional instructions and warnings.  It remains unclear, however, whether the IJ's statements

relating to the October hearing adequately reconstruct the record for our review. And given Salazar's argument—that he was misled by his initial attorney into signing the request and was never questioned or informed about the consequences of the request—it would be pertinent to know whether the written notice provided to Salazar was ever translated for him and if the IJ engaged in any form of colloquy directly with Salazar. "For example, did the IJ ask if [Salazar] had any questions or concerns? An open-ended question such as that one could have prompted [him] to inquire about the veracity of [his] attorney's advice" and the voluntariness of his request. *See id.* at 1042. Although the IJ may well have done so, we have no way of knowing based on the record before us. We therefore also remand for the BIA to determine the scope of the IJ's recreation of the record.

## IV.   CONCLUSION

For the foregoing reasons, we grant Salazar's petition, vacate the BIA's decision, and remand the case to the BIA for further proceedings consistent with this opinion. We note that our decision in no way finds that Salazar's motion to reopen should be tolled or that he has met his burden to reopen removal proceedings. Rather, we remand for the BIA to make a tolling determination in the first instance and, if it is determined that tolling is warranted, to provide reasoned consideration on Salazar's ineffective assistance claims consistent with our opinion.

**PETITION GRANTED.**

11