[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14074

_____

Agency No. A099-982-743

ANDERSON FERREIRA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 16, 2013)

Before TJOFLAT and PRYOR, Circuit Judges, and ROTHSTEIN,[*] District Judge.

ROTHSTEIN, District Judge:

Anderson Ferreira, a native and citizen of Brazil, sought a continuance of his deportation proceedings to await the availability of an immigrant visa based on his approved I-140 petition. After the Immigration Judge denied Ferreira's motion for a continuance, he appealed to the Board of Immigration Appeals ("BIA"). The BIA dismissed the appeal, and Ferreira moved for reconsideration, which was also denied. Ferreira now seeks review of the BIA's denial of his motion for reconsideration. In his petition, Ferreira argues that the BIA abused its discretion by failing to consider the factors set forth in *Matter of Hashmi*, 24 I. & N. Dec. 785 (BIA 2009) and *Matter of Rajah*, 25 I. & N. Dec. 127 (BIA 2009). We agree that the BIA erred in failing to abide by its own precedent, and, accordingly, grant the petition, vacate the decision of the BIA, and remand for further proceedings.

## I.  BACKGROUND

Ferreira was admitted to the United States on a temporary visitor visa that expired in August 1998. Ferreira remained in the United States, and, on July 3, 2007, the Department of Homeland Security ("DHS") initiated removal

---

[*] Honorable Barbara J. Rothstein, United States District Judge for the Western District of Washington, sitting by designation.

2

proceedings by issuing a Notice to Appear ("NTA").  The NTA advised Ferreira

that he was deportable because he had remained in the United States longer than

the authorized period.

During the removal proceedings, a potential employer, Color Factory, Inc.,

filed an I-140 alien-worker petition on Ferreira's behalf.  Ferreira sought a

continuance of his removal proceedings to await a decision by the U.S. Citizenship

and Immigration Services ("USCIS") on Color Factory, Inc.'s pending I-140 alien-

worker petition.  The Immigration Judge granted the continuance but expressed

concern that, even if USCIS granted the I-140 petition, a visa would not be

immediately available to Ferreira due to the backlog in issuing visas.  Without the

issuance of a visa, Ferreira would presumably remain removable from the United

States, as he could not apply to adjust his immigration status.

On September 17, 2009, USCIS approved the I-140 petition with a June 2,

2008 "priority date"[1] and forwarded it to the Department of State for visa

processing.  When Ferreira again appeared before the Immigration Judge, on

February 9, 2010, he requested another continuance in order to allow time for his

---

[1] "[A]n alien's priority date is the date on which [an alien's] labor certification is approved, at which point he is permitted to file an I-140 'Immigrant Petition for Alien Worker' form to establish his eligibility to file the I-485 form. The Department of State Visa Bulletin is published monthly and lists cut-off priority dates for different immigration categories and birth countries. Only those aliens with priority dates before the cutoff date are permitted to file their adjustment of status applications." *Chacku v. United States Att'y Gen.*, 555 F.3d 1281, 1283 n.1 (11th Cir. 2008).

priority date to become current and for a visa to become available.[2]  The

Immigration Judge observed that the Department of State Visa Bulletin's priority

date was then December 15, 2002 – six years from Ferreira's priority date.  The

Immigration Judge found that no good cause existed to continue the proceedings,

"[g]iven that there [was] an extensive period of time before [Ferreira's] visa

becomes current," and ordered Ferreira removed to Brazil.

Ferreira appealed the Immigration Judge's denial of a continuance to the

BIA.  The BIA dismissed his appeal, agreeing with the Immigration Judge that

Ferreira had not shown good cause for a continuance given that "an immigrant

visa was not available and would not be for some time."  Like the Immigration

Judge, the BIA noted that Ferreira's priority date was significantly later than the

then-current date in the Department of State Visa Bulletin.

Ferreria moved the BIA to reconsider its dismissal of his appeal.  Ferreira

argued, among other things, that the BIA erred by failing to consider the factors

mandated by *Matter of Hashmi*, 24 I. & N. Dec. at 790-94 and *Matter of Rajah*, 25

I. & N. Dec. at 130, when it evaluated his request for a continuance.  According to

Ferreira, the BIA only considered one of these factors - Ferreira's statutory

---

[2] Under 8 C.F.R. § 1245.1(g), an immigrant visa is available when an applicant's priority date is earlier than the applicable date in the Department of State Visa Bulletin.

4

eligibility for adjustment of status - when it denied him a continuance based solely on the unavailability of a visa. The BIA summarily denied Ferreira's motion for reconsideration, finding that there was no "material error in law or fact which would warrant reconsideration."

Ferreira now petitions this Court for review of the BIA's denial of his motion for reconsideration. In doing so, he reasserts his argument that the BIA erred "in failing to adhere to its own precedent decision in *Matter of Hashmi*, 24 I. & N. Dec. 785 (BIA 2009), as required by *Matter of Rajah*, 25 I. & N. Dec. 127, 136 (BIA 2009)."

## II.  STANDARD OF REVIEW

We review the BIA's denial of a motion to reconsider for abuse of discretion. *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007). When reviewing the denial of discretionary relief, we consider whether the exercise of discretion was "arbitrary or capricious." *Garcia-Mir v. Smith*, 766 F.2d 1478, 1490 (11th Cir. 1985). The BIA abuses its discretion when it misapplies the law in reaching its decision. *See Arce v. Garcia*, 434 F.3d 1254, 1260 (11th Cir. 2006). The BIA can also abuse its discretion by not following its own precedents without providing a reasoned explanation for doing so. *Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1226 (11th Cir. 2008).

### III.  DISCUSSION

Pursuant to the immigration regulations, an Immigration Judge ("IJ") "may grant a continuance 'for good cause shown.'" *Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281, 1285 (11th Cir. 2008) (quoting 8 C.F.R. § 1003.29).  In *Matter of Rajah*, the BIA "articulat[ed] the factors that an Immigration Judge and the Board should consider in determining whether [an alien] has established good cause for a continuance to apply for adjustment of status based on a pending labor certification or employment-based immigrant visa petition."  25 I & N. Dec. at 128.  Specifically, "the Immigration Judge should first determine the [alien's] place in the employment-based adjustment of status process and then consider and balance" certain factors that the BIA had previously identified in *Matter of Hashmi*, "if applicable, and any other relevant considerations."  *Rajah*, 25 I. & N. Dec. at 130.  The *Rajah/Hashmi* factors include, but are not limited to:

> (1) the [government's] response to the motion [for a continuance]; (2) whether the underlying visa petition is prima facie approvable; (3) the respondent's statutory eligibility for adjustment of status; (4) whether the respondent's application for adjustment merits a favorable exercise of discretion; and (5) the reason for the continuance and other procedural factors.

*Id.* (citing *Hashmi*, 24 I. & N. Dec. at 790).

The focus of the inquiry into the factors is the likelihood of success on the

6

adjustment application. *Id.* Thus, the BIA explained in *Rajah*, an alien "who has a *prima facie* approvable I-140 and adjustment application may not be able to show good cause for a continuance because visa availability is too remote." *Id.* at 136 (citing *Chacku*, 555 F.3d 1281). However, the BIA stated that, even under those circumstances, "the [IJ] must evaluate the individual facts and circumstances relevant to each case." *Id.* Similarly, the BIA held that "[i]n evaluating good cause for the continuance premised on a pending labor certification or I-140, all the factors relevant to the alien's adjustment eligibility should be considered and articulated." *Id.* at 137.

Here, the BIA's determination that Ferreira did not show good cause for a continuance was based solely on the fact that "an immigrant visa was not available and would not be for some time." The BIA did not articulate or weigh all of the *Rajah/Hashmi* factors in Ferreira's case, as required by the BIA's own precedent. *See Rajah*, 25 I. & N. Dec. at 130, 136-37. While the BIA properly considered the fact that an immigrant visa was not immediately available, the BIA erred by limiting its analysis to only that factor. Thus, the BIA, without any reasoned explanation, failed to apply its own precedent when it denied Ferreira's motion for a continuance. Accordingly, the BIA abused its discretion in denying Ferreira's motion for reconsideration. *See Montano Cisneros*, 514 F.3d at 1226; *Arce*, 434

7

F.3d at 1260.

## IV.  CONCLUSION

We **GRANT** the petition for review, **VACATE** the decision of the BIA, and

**REMAND** to the BIA for further proceedings.