[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12038
Non-Argument Calendar

_____

Agency No. A072-347-641

PEDRO ANTONIO ALVAREZ,
a.k.a. Pedro Antonio Alvarez Izquierdo,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 11, 2020)

Before BRANCH, LAGOA, and HULL, Circuit Judges.

PER CURIAM:

Pedro Antonio Alvarez seeks review of the Board of Immigration Appeals' ("BIA") denial of his motion for reconsideration and reopening under 8 U.S.C. § 1229a(c)(6)–(7). On appeal, he argues that the immigration court lacked jurisdiction over his removal proceedings because his notice to appear ("NTA") did not contain the date and place of the proceedings as required by statute. Because our precedent squarely forecloses Alvarez's argument, we deny his petition.

## I.

On September 21, 2006, the Department of Homeland Security ("DHS") served upon Alvarez via regular mail an NTA which ordered him to appear before an Immigration Judge ("IJ") in Miami "on a date to be set at a time to be set." Less than a month later, on October 11, 2006, the immigration court mailed Alvarez a notice of hearing, advising him that his initial hearing before the IJ had been scheduled for September 27, 2007 at 8:30 AM. Alvarez appeared before the IJ at that time. The removal proceedings concluded on June 3, 2009, when the IJ issued a written decision ordering Alvarez to be removed to Cuba.

Although Alvarez initially appealed the IJ's decision to the BIA, he later voluntarily moved to dismiss his appeal, which the BIA granted on July 6, 2010. More than five years later, on November 23, 2015, Alvarez filed with the BIA a "motion to reopen *sua sponte* previously dismissed appeal," which the BIA

2

rejected.  On April 20, 2016, Alvarez filed with the BIA a "motion to reopen/reconsider," which the BIA also denied.  Undeterred, on July 15, 2018, Alvarez filed with the BIA a "statutory motion to reconsider and terminate in light of [*Pereira*[1]], motion to reconsider in light of [*Dimaya*[2]], [and a] motion to reopen based upon new evidence."  Relevant here, Alvarez argued that the BIA should grant reconsideration and terminate his removal proceedings in light of *Pereira* because his NTA did not specify the time and date of his initial removal hearing.

On April 30, 2019, the BIA issued a decision denying reconsideration and reopening under 8 U.S.C. § 1229a(c)(6)−(7) and declining to exercise its *sua sponte* authority to reconsider or reopen Alvarez's removal proceedings.  As to Alvarez's request for reconsideration in light of *Pereira*, the BIA concluded that his arguments were foreclosed as a matter of law because the omission of the time and date of his initial removal hearing was "not a jurisdictional defect."  Alvarez appealed the BIA's order denying his motion.  On appeal, Alvarez challenges only the agency's jurisdiction over his removal proceedings.

## II.

Where, as here, the BIA issues its own decision that does not adopt the decision of an IJ, we review only the BIA's decision.  *Reyes-Sanchez v. U.S. Att'y*

---

[1] *Pereira v. Sessions*, 138 S. Ct. 2105 (2018).

[2] *Sessions v. Dimaya*, 138 S. Ct 1204 (2018).

3

*Gen.*, 369 F.3d 1239, 1242 (11th Cir. 2004). We review the BIA's denial of a motion to reconsider for abuse of discretion, which requires us to consider whether the BIA acted arbitrarily, capriciously, or contrary to law. *See Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1242–43 (11th Cir. 2013). We review questions of law *de novo*. *De Sandoval v. U.S. Att'y Gen.*, 440 F.3d 1276, 1278 (11th Cir. 2006).

Section 1229 of Title 8 of the United States Code provides in pertinent part that in "removal proceedings under section 1229a of this title, written notice . . . shall be given in person to the alien . . . specifying . . . [t]he time and place at which the proceedings will be held." 8 U.S.C. § 1229(a)(1)(G)(i). In *Pereira*, the Supreme Court considered whether an NTA that did not meet those requirements could trigger the so-called "stop-time rule" set forth in § 1229b(d)(1)(A).[3] *Pereira,* 138 S. Ct. at 2109–10. Answering that question in the negative, the Supreme Court held that "a putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a 'notice to appear under section 1229(a).'" *Id.* at 2113–14.

But the Supreme Court in *Pereira* did not address whether a deficient NTA fails to trigger the BIA's jurisdiction over the noncitizen's removal proceedings.

---

[3] Nonpermanent residents who have been "physically present" in the United States for 10 years may be eligible for cancellation of removal. 8 U.S.C. § 1229b(b)(A). The period of physical presence must be continuous and is "deemed to end . . . when the alien is served a notice to appear under section 1229(a)." 8 U.S.C. § 1229b(d)(1)(A).

*See id.* at 2110 (defining the "narrow question" of the case without reference to jurisdiction).  Here, Alvarez asks the court to consider the Supreme Court's holding in *Pereira* together with 8 C.F.R. § 1003.14(a), which provides: "Jurisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service."  8 C.F.R. § 1003.14(a).  Alvarez therefore argues that the IJ never had jurisdiction over his removal case because DHS did not include the time or date of his removal hearing.

We considered this very argument in *Perez-Sanchez v. U.S. Attorney General*, 935 F.3d 1148, 1150 (11th Cir. 2019).  In that case, we agreed with Perez-Sanchez that the NTA was deficient.  *Id.* at 1154.  Regardless, the regulations did not compel us to conclude that the NTA's deficiency meant the agency's jurisdiction over Perez-Sanchez's case never vested.  *Id.*  We reasoned that Congress, not the agency, determines the scope of the agency's jurisdiction. *Id.* at 1155.  Therefore, "an agency cannot fashion a procedural rule to limit jurisdiction bestowed upon it by Congress."  *Id.*  We explained that "both [8 C.F.R. § 1003.14(a)] and [8 U.S.C. § 1229(a)] set forth only claim-processing rules with respect to the service or filing of an NTA."  *Id.* at 1153.  And "[b]ecause neither 8 U.S.C. § 1229(a) nor 8 C.F.R. § 1003.14 speaks to jurisdiction, the IJ and the BIA

5

properly exercised jurisdiction over his removal hearing based on the authority conferred upon them by 8 U.S.C. § 1229a(a)(1)." *Id*. at 1157.

Alvarez's argument that the defective NTA in his case failed to vest jurisdiction in the Immigration Court is thus squarely foreclosed by our precedent in *Perez-Sanchez*. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001) ("Under the well-established prior panel precedent rule of this Circuit, the holding of the first panel to address an issue is the law of this Circuit, thereby binding all subsequent panels unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court."). Accordingly, we deny his petition for review.

**PETITION DENIED.**