[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————

No. 20-10682
Non-Argument Calendar

————————————

Agency No. A208-919-216

RODENEY FAUSTIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

————————————

Petition for Review of a Decision of the
Board of Immigration Appeals

————————————

(August 28, 2020)

Before NEWSOM, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Rodeney Faustin petitions for review of the Board of Immigration Appeals's

denial of his motion to reconsider its decision to dismiss his appeal as untimely.  We

deny his petition.

Faustin, a native and citizen of Haiti, was paroled into the United States in February 2016. In June 2016, the government served him with a notice to appear, alleging that he was removable because he did not possess valid entry or travel documents. A few months later, Faustin applied for asylum, withholding of removal, and relief under the Convention Against Torture, claiming that he was persecuted in Haiti for his political affiliation. An immigration judge held a hearing on October 16, 2018, denied Faustin's applications, and ordered that he be removed to Haiti. The written order told Faustin that he had the right to appeal and that his appeal was due by November 15, 2018. The order was mailed to Faustin's attorney on October 17, 2018.

The board received Faustin's notice of appeal on May 2, 2019. Faustin asked the board to accept his late appeal, explaining in an affidavit that he tried in good faith to file his appeal before the deadline but failed to do so because he was unemployed, had "extreme financial hardship," and could not find an attorney for a reasonable fee. The board dismissed Faustin's appeal as untimely, finding that the statements in his affidavit were insufficient for the board to consider his appeal.

On September 12, 2019, Faustin moved the board to reconsider its dismissal. He argued that his former counsel was ineffective and attached an affidavit that said he paid an attorney to file his appeal but that the attorney had failed to do so. Attached to the affidavit was a copy of a receipt for a $400 money order for

2

"Immigration Svs. (Appeal)" from Faustin.  The receipt was dated October 29, 2018.

The board denied Faustin's motion because he had not:  (1) complied with the requirements for alleging an ineffective-assistance-of-counsel claim under Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988); and (2) explained the inconsistencies between the affidavit in his original appeal (where Faustin said he couldn't afford an attorney to timely appeal) and his motion for reconsideration (where he said that he paid counsel but counsel ineffectively blew the deadline).  Faustin, proceeding pro se, now seeks review of the board's denial of his reconsideration motion.

We review the board's denial of a motion for reconsideration for an abuse of discretion.  Ferreira v. U.S. Att'y Gen., 714 F.3d 1240, 1243 (11th Cir. 2013).  "The [board] abuses its discretion when it misapplies the law in reaching its decision" or when it fails to follow its own precedents "without providing a reasoned explanation for doing so."  Id.

Faustin contends that the board abused its discretion in denying his motion because he presented evidence of an "exceptional circumstance"—ineffective assistance of counsel—warranting the board's consideration of his untimely appeal. But the board may require aliens to allege the necessary facts under Matter of Lozada before it considers a claim of ineffective assistance of counsel.  See Gbaya v. U.S. Att'y Gen., 342 F.3d 1219, 1222–23 (11th Cir. 2003) (affirming the board's rejection of the petitioner's ineffective-assistance-of-counsel claim where the petitioner failed

3

to comply with Matter of Lozada).  In Matter of Lozada, the board held that a motion for reconsideration must allege three elements to raise a viable ineffective-assistance-of-counsel claim.  19 I. & N. Dec. at 639.  First, the motion must be supported by an affidavit detailing the agreement with counsel and describing the ways in which counsel's performance was defective.  Id.  Second, counsel must be informed of the claim and given an opportunity to respond.  Id.  Third, the motion must allege that a complaint has been filed against counsel with the appropriate disciplinary body or it must explain why such a complaint was not filed.  Id.

Here, Faustin failed to satisfy Matter of Lozada's three requirements.  Though he claimed to have paid for an appeal, Faustin did not allege that he had an agreement with an attorney and what that agreement was.  Faustin also failed to show that he provided the purportedly ineffective attorney with notice of his claim.  And his motion did not allege that he submitted a complaint with the appropriate disciplinary body or provide an explanation for not doing so.  Finally, Faustin did not explain the inconsistency between the first affidavit—where he said his appeal was filed late because he could not afford to have an attorney—and his second affidavit—where he said his appeal was late because his attorney had been ineffective.  Thus, the board did not abuse its discretion when it denied Faustin's motion for failing to comply with Matter of Lozada.  See Gbaya, 342 F.3d at 1222–23.

**PETITION DENIED.**

4