[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12639
Non-Argument Calendar

_____

Agency No. A206-613-281

BEKZHAN SARTMYRZAEV,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 8, 2021)

Before WILSON, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Bekzhan Sartmyrzaev petitions for review of the Board of Immigration Appeals's order denying his motion to reconsider its affirmance of the immigration judge's order denying his application for asylum and withholding of removal. Sartmyrzaev argues that the board should have reconsidered because a defect in the notice to appear deprived the immigration judge of jurisdiction over his case. We should remand the case, Sartmyrzaev maintains, for termination of his removal order. But Sartmyrzaev's argument is barred by our decision in Perez-Sanchez v. U.S. Attorney General, 935 F.3d 1148 (11th Cir. 2019). We therefore deny his petition.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Sartmyrzaev, a native and citizen of Kyrgyzstan, entered the United States on a visitor visa. He then changed his status to an F1 student visa, which expired in October 2013. In July 2014, Sartmyrzaev was served with a notice to appear before an immigration judge in Miami, but the notice didn't provide a date or time for the removal hearing. Takhmina Kenzhetaeva, Sartmyrzaev's then-wife, was also served with a notice to appear.

Kenzhetaeva filed an application for asylum and withholding of removal, and Sartmyrzaev joined her application as a derivative beneficiary. In September 2014, Sartmyrzaev and his wife received notice of their initial hearing set for December 2014. They attended this hearing, which was continued so that they could obtain

counsel.  Sartmyrzaev and his wife then received notice of a second hearing set for April 2015.   At this second hearing, Sartmyrzaev and his wife conceded removability.

In June 2015, Sartmyrzaev's counsel was provided with notice of a third hearing.  In April 2016, the immigration judge held an evidentiary hearing on Kenzhetaeva and Sartmyrzaev's application for asylum and withholding of removal. In July 2016, the immigration judge entered an order denying their application. Sartmyrzaev and his wife appealed this decision to the board, which affirmed the immigration judge's order.

After the Supreme Court decided Pereira v. Sessions, 138 S. Ct. 2105 (2018), Sartmyrzaev moved the board "to reconsider and terminate in light of Pereira."  The board denied the motion because, under Perez-Sanchez, the defect in the notice to appear was not jurisdictional.[1]  Sartmyrzaev now petitions for our review.

## STANDARD OF REVIEW

We review the board's denial of a motion to reconsider for an abuse of discretion.  Ferreira v. U.S. Att'y Gen., 714 F.3d 1240, 1242 (11th Cir. 2013).

---

[1] Sartmyrzaev alternatively argued that the board should reconsider his case because he was now remarried and his new wife had a pending asylum claim.  The board concluded that this claim was untimely.  Sartmyrzaev does not challenge this ruling.

3

## DISCUSSION

Sartmyrzaev argues that the board erred in denying his motion to reconsider because the immigration judge did not have jurisdiction over his case.  Sartmyrzaev argues that "only a valid" notice to appear vests an immigration judge with subject matter jurisdiction and, under Pereira, the notice here was defective.

An immigration judge can conduct proceedings to decide an alien's "inadmissibility or deportability."  8 U.S.C. § 1229a(a)(1).  These proceedings begin with written notice specifying the "time and place at which the removal proceedings will be held."  Id. § 1229(a)(1)(G)(i).  "Jurisdiction vests, and proceedings before an [i]mmigration [j]udge commence, when a charging document is filed with the Immigration Court . . . ."  8 C.F.R. § 1003.14(a).  A notice to appear is a "charging document," giving the immigration judge jurisdiction.  Id. §§ 1003.13, 1003.14(a).

In Pereira, the Supreme Court examined the "narrow question" of whether a notice to appear that failed to specify either the time or place of removal proceedings triggered the "stop-time rule" for cancellation of removal.  138 S. Ct. at 2110.  The Court held that a "notice that does not inform a noncitizen when and where to appear for removal proceedings is not a 'notice to appear under section 1229(a)' and therefore does not trigger the stop-time rule."  Id.  Pereira did not address the effect of a deficient notice to appear on an immigration judge's jurisdiction.

4

In Perez-Sanchez, we addressed and resolved the issue Pereira left open. 935 F.3d at 1152–53. We said that a notice to appear lacking the time, date, or location of a removal hearing is deficient, and that defect is not cured by a valid notice of hearing. Id. at 1153. But our "conclusion that the [notice to appear] was deficient d[id] not mean the agency lacked jurisdiction," because section 1229's time-and-place requirement does not create a jurisdictional rule. Id. at 1154. "Despite its language" purporting to vest jurisdiction, 8 C.F.R. section 1003.14 is a claim-processing rule—and not a limitation on the immigration judge's jurisdiction. Id. at 1157.

We reached this conclusion because section 1003.14 is a regulation promulgated by the board, and "an agency cannot define its own authority to hear cases; only Congress can." Id. at 1155. Section 1229a(a)(1) authorizes immigration judges to conduct removal proceedings, and that authority is not limited by the service of a notice to appear. Id. at 1156. The statute provides only that removal proceedings begin with the service of a notice to appear, which is "generally [a] nonjurisdictional matter[] of procedure." Id. Thus, we held that the removal proceedings in Perez-Sanchez resulted in a valid final order of removal, notwithstanding the defect in the original notice to appear. Id. at 1157.

There is no daylight between Sartmyrzaev's case and Perez-Sanchez. Here, as in Perez-Sanchez, the notice to appear served on Sartmyrzaev was deficient; it

5

lacked the required date and time of the removal hearing. But this defect didn't divest the immigration judge of jurisdiction. See id. at 1156–57. The immigration judge's order of removal in this case was therefore valid.

We agree with the government that Perez-Sanchez controls this case. Although Sartmyrzaev doesn't address Perez-Sanchez—even though the board expressly relied on it in denying his motion to reconsider—a party can't escape from binding precedent simply by ignoring it. Because the notice's failure to specify the date and time of Sartmyrzaev's removal proceedings didn't divest the immigration judge of jurisdiction, the board correctly denied his motion to reconsider. We deny his petition for review.

**PETITION DENIED.**