[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-12446
Non-Argument Calendar

_____

Agency No. A070-567-757

VICTORIANO IXCOY-ITZEP,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 22, 2021)

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Victoriano Ixcoy-Itzep, a native and citizen of Guatemala, seeks review of

the Board of Immigration Appeals order denying his motion to reconsider its

summary dismissal of his administrative appeal from a final deportation order.

The government, in turn, moves for summary denial of Ixcoy-Itzep's petition, arguing that the Board's denial of his motion to reconsider was not an abuse of discretion because he did not specify any legal or factual error in the prior order. Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

## I.

Ixcoy-Itzep entered the United States without inspection in 1992. An immigration judge entered an order of removal in 1994, and Ixcoy-Itzep was deported several years later. He apparently reentered the United States the following year, again without inspection, and in 2019, the Department of Homeland Security reinstated the 1994 removal order.

Following a series of events not relevant to the present petition, Ixcoy-Itzep moved to rescind the 1994 removal order or, alternatively, to reopen his removal proceedings. An immigration judge denied the motion, and Ixcoy-Itzep appealed to the Board of Immigration Appeals. In his notice of administrative appeal, he stated that he was appealing because the immigration judge "erred as a matter of law and discretion in not granting" his motion, without further explanation. He also indicated that he intended to file a separate written brief.

2

The Board issued a briefing schedule setting a deadline for Ixcoy-Itzep to submit a brief. Although his counsel apparently filed a brief in the immigration court on the day of the deadline, he did not file a brief with the Board. A few months later, therefore, the Board summarily dismissed his appeal because his notice of administrative appeal did not specifically identify the findings of fact or conclusions of law that he was challenging, and although his notice of appeal indicated that he would file a separate appeal brief, he had not done so by the deadline in the Board's briefing schedule. The Board acknowledged that counsel had incorrectly filed an appeal brief with the immigration court, but it declined to consider that brief because (1) the form that counsel used for his notice of administrative appeal contained a warning that his appeal could be summarily dismissed if he represented that he would file a separate appeal brief and failed to do so by the deadline set by the Board, and (2) his counsel did not timely file his brief, or file a motion to accept a late-filed brief, with the Board.[1]

Ixcoy-Itzep filed a motion for reconsideration of the Board's summary dismissal, arguing that although a paralegal in his counsel's office had mistakenly filed his brief in the wrong court on the day of the deadline, counsel was unaware of the error until he received a rejection notice the next month. Counsel also stated

---

[1] Ixcoy-Itzep filed a petition for review of the Board's summary dismissal with this Court. We dismissed the petition in part for lack of jurisdiction and denied it in part. *Ixcoy-Itzep v. U.S. Att'y Gen.*, No. 21-10128 (March 22, 2021).

3

that after receiving the rejection notice, he called the Board and was told that it had eventually received the brief. Counsel argued that reconsideration of the summary dismissal was warranted because his prior diligence regarding the brief and his reliance on information that the Board had received it were errors of fact that the Board did not consider when summarily dismissing the appeal.

The Board concluded that Ixcoy-Itzep had not identified any errors of fact or law in its summary dismissal order and denied his motion for reconsideration. It explained that his due diligence and reliance arguments did not change the fact that his attorney filed his brief in the wrong court and did not file either a timely brief or a motion to accept a late-filed brief with the Board. Ixcoy-Itzep now petitions for our review of the Board's order denying his motion for reconsideration.

II.

We review the Board's denial of a motion to reconsider for an abuse of discretion. *Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1242 (11th Cir. 2013). Our review is limited to determining whether the Board exercised its discretion in an arbitrary and capricious manner. *Id.* at 1243. The Board abuses its discretion when it misapplies the law in reaching its decision or fails to follow its own precedents without providing a reasoned explanation for doing so. *Id.*

Immigration regulations require that a party appealing an immigration judge's decision in deportation proceedings must identify the reasons for the

appeal in the notice of appeal or in any attachments to it.  8 C.F.R § 1003.3(b).

Briefs in support of an appeal from an immigration judge's decision must be filed

directly with the Board according to the briefing schedule set by the Board.  *Id.*

§ 1003.3(c)(1).  The Board may, upon written motion, extend the time for filing a

brief; it also has the discretion to consider a late-filed brief.  *Id.*  But the Board also

"may summarily dismiss any appeal" if the party appealing fails to specify the

reasons for the appeal in his notice of appeal and attachments, or if he indicates in

the notice of appeal that he will file a brief in support of the appeal and does not do

so, or reasonably explain his failure to do so, within the time set by the Board.  *Id.*

§ 1003.1(d)(2)(i)(A), (E).

We cannot say that the Board's denial of Ixcoy-Itzep's motion to reconsider

was an abuse of discretion.  Although counsel attempted to explain Ixcoy-Itzep's

failure to timely file his appeal brief with the Board, he did not identify any errors

of law or fact in the Board's dismissal order that would warrant reconsideration.

*See id.* § 1003.2(b)(1).  The record shows that Ixcoy-Itzep had notice that the

failure to file a brief by the deadline set by the Board could result in summary

dismissal of his appeal, and his counsel received a rejection notice informing him

that the appeal brief had been filed in the wrong court on the day of the deadline.

Despite receiving that information more than two months before the Board issued

its dismissal order, however, counsel never filed the brief with the Board or

5

requested leave to file the brief after the deadline set by the Board.  The Board's refusal to reconsider its dismissal order therefore was not arbitrary and capricious. *See Ferreira*, 714 F.3d at 1243.

For these reasons, we conclude that there is "no substantial question as to the outcome of the case" because the Board's decision is clearly correct as a matter of law.  *Groendyke Transp., Inc.*, 406 F.2d at 1162.  We therefore **GRANT** the government's motion to summarily deny the petition for review.

**PETITION DENIED.**