[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-11717

Non-Argument Calendar

_____

NELSON OSMIN TEJADA-PALACIOS,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A088-928-610

_____

Before Luck, Lagoa, and Brasher, Circuit Judges.

PER CURIAM:

Nelson Osmin Tejada-Palacios seeks review of an order by the Board of Immigration Appeals denying his motion to reopen his cancellation of removal proceedings. The BIA determined that his motion was time- and number-barred under 8 U.S.C. § 1229a(c)(7). But Tejada-Palacios argues that he was entitled to equitable tolling of these requirements because he had only recently realized that he received ineffective assistance of counsel. However, the record indicates that he could have raised this argument much earlier. Thus, the BIA did not abuse its discretion in concluding that he had not pursued his rights diligently and that equitable tolling was therefore not warranted. We accordingly deny Tejada-Palacios's petition for review.

I.

In 2010, an immigration judge denied Tejada-Palacios's applications for asylum, withholding of removal, and relief under the Convention Against Torture, and ordered him removed to his home country of El Salvador. Proceeding *pro se*, Tejada-Palacios appealed that order, which the BIA affirmed.

Tejada-Palacios then retained the services of an immigration consultant—who was not an attorney—to prepare a *pro se* motion for reconsideration, which the BIA denied. Over the ensuing years, the immigration consultant assisted Tejada-Palacios in filing

several motions to reopen his cancellation of removal proceedings, all of which the BIA denied. Tejada-Palacios identified himself as appearing "pro se" or "pro per" in each of these motions. Yet Tejada-Palacios alleges that he did not discover that the immigration consultant was not an attorney until he was taken into custody by Immigration and Customs Enforcement in January 2019.

The next month, Tejada-Palacios filed the motion to reopen that is the subject of this appeal. He argued that the consultant rendered ineffective assistance by holding himself out as an attorney and carelessly filing an unreasonable number of motions, which constituted an exceptional circumstance warranting reopening of his proceedings. He also argued that he was entitled to equitable tolling of the statutory requirements for his motion because he had only recently discovered that the consultant was not an attorney. He alternatively argued that the BIA should exercise its *sua sponte* authority to reopen his proceedings.

The BIA denied this motion, concluding that it failed to meet the time and number requirements in 8 U.S.C. § 1229a(c)(7). It further reasoned that Tejada-Palacios was not entitled to equitable tolling because he had not pursued his rights diligently. It also determined that he was not prejudiced by the consultant's conduct, and that he had not shown his eligibility for cancellation of removal. Tejada-Palacios timely appealed, challenging each of the grounds for the BIA's decision.

## II.

"We review the denial of a motion to reopen an immigration petition for an abuse of discretion. Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). The BIA abuses its discretion when it misapplies the law or when it diverges from its own precedents without providing a reasoned explanation for doing so. *Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1243 (11th Cir. 2013).

## III.

As an initial matter, we lack appellate jurisdiction to consider Tejada-Palacios's challenge to the BIA's refusal to reopen *sua sponte*. This Court may review a denial of a motion for *sua sponte* reopening only if the petitioner complains of a constitutional defect in the BIA's decision. *Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1285–86 (11th Cir. 2016). Here, Tejada-Palacios makes no constitutional argument, so we cannot review the BIA's refusal to exercise its *sua sponte* authority.

But Tejada-Palacios also apparently argues that the BIA should have exercised its statutory authority to reopen his case. An alien may file only one motion for statutory reopening within 90 days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i). Tejada-Palacios filed the motion in this case years after that deadline had passed, and after filing several similar motions. But the 90-day requirement is non-jurisdictional and is

subject to equitable tolling. *Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1365 (11th Cir. 2013) (en banc). And we have suggested in dicta that the same principle applies to the statute's one-motion limitation. *See Ruiz-Turcios v. U.S. Att'y Gen.*, 717 F.3d 847, 850 (11th Cir. 2013). To be entitled to equitable tolling, a litigant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Avila-Santoyo*, 713 F.3d at 1363 n.5. Tejada-Palacios argues that he was entitled to equitable tolling because he discovered that the consultant was not an attorney shortly before filing his motion to reopen.

The BIA did not abuse its discretion by concluding that equitable tolling was not warranted because Tejada-Palacios had not pursued his rights diligently. As the BIA explained, after Tejada-Palacios was assisted by the immigration consultant in preparing his motion for reconsideration, he continued working with that consultant for nearly eight years before claiming that he rendered ineffective assistance of counsel. Tejada-Palacios maintains that he discovered that the consultant was not an attorney in January 2019, and that he was not familiar enough with English to understand earlier that he had been representing himself. The BIA did not abuse its discretion in rejecting this argument. Tejada-Palacios identified himself as "pro se" or "pro per" on multiple filings—including some filed before he met the consultant. His earlier use of those designations supports the conclusion that he was familiar with their meaning, and that he therefore should have known that

he was not represented by an attorney when he filed his *pro se* motion for reconsideration. Because he failed to claim ineffective assistance within a reasonable time afterward, the BIA did not abuse its discretion in concluding that he had not pursued his rights diligently.

This ground alone foreclosed equitable tolling, *see Avila-Santoyo*, 713 F.3d at 1363 n.5, so we do not address Tejada-Palacios's arguments that he was prejudiced by the consultant's conduct and that he complied with the procedural requirements for asserting ineffective assistance of counsel. Nor need we reach his argument that he made a *prima facie* showing of eligibility of cancellation for removal. Without recourse to equitable tolling, Tejada-Palacios's motion to reopen was correctly rejected as time- and number-barred under Section 1229a(c)(7).

**PETITION DENIED**.