[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 19-13578

_____

DANILO RIGOBERTO ANDRADE-RODRIGUEZ,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A089-094-246

_____

Before NEWSOM, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Danilo Rigoberto Andrade-Rodriguez petitions this Court for review of the Board of Immigration Appeals' order denying his motion to reopen removal proceedings. After review, and with the benefit of oral argument, we grant the petition, vacate the Board's decision, and remand for further proceedings.

## I.

An immigration judge ordered Andrade-Rodriguez removed in 2014. His motion to reopen, filed over four years after his removal order became final, contended that he had become eligible for cancellation of removal due to his continuous presence in the United States. *See* 8 U.S.C. § 1229b(b)(1)(A). Acknowledging that the motion was very late, *see id.* § 1229a(c)(7)(C)(i) (requiring that a motion to reopen be filed within 90 days of the final order of removal), he contended that the filing deadline was either equitably tolled by extraordinary circumstances or, alternatively, that the Board should *sua sponte* reopen his proceedings due to a fundamental change in law.

The allegedly extraordinary circumstance was the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). Normally, an alien ceases to accrue time toward eligibility for cancellation when he is served with a notice to appear. 8 U.S.C. § 1229b(d)(1). But *Pereira* held that a notice to appear fails to trigger this so-called "stop-time" rule if it does not contain either the time

or place of the removal proceedings against the alien. 138 S. Ct. at 2114; *see* 8 U.S.C. § 1229(a)(1)(G)(i) (containing the place-and-time requirement). Andrade-Rodriguez's notice to appear indicated that the time and date of his removal proceedings would "be set" later. Thus, he moved for reopening, contending that his time toward eligibility for cancellation was still accruing.

The Board appeared to deny the motion based on its understanding of *Pereira* at the time. It reasoned that any defect in the notice to appear was cured by a later notice of hearing that contained the time and place of the proceedings. Concerning the timeliness of Andrade-Rodriguez's motion, the Board was "not persuaded" that equitable-tolling was warranted. And the Board explained that Andrade-Rodriguez was not eligible for cancellation of removal under *Pereira*, "[i]n any event."

However, after the Board's decision, and while this appeal was pending, the Supreme Court decided *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021). That decision clarified that a defective notice to appear is not cured by a later mailing containing information omitted from the initial notice. *Id.* at 1479. We ordered supplemental briefing to address this new precedent, and the government conceded the error in the Board's conclusion. But it maintained that the change of law in *Pereira* and *Niz-Chavez* was not an extraordinary circumstance warranting equitable tolling.

4                    Opinion of the Court                    19-13578

## II.

We review denials of motions to reopen for an abuse of discretion. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). The Board abuses its discretion when it misapplies the law in reaching its decision. *Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1243 (11th Cir. 2013). Legal conclusions underlying the Board's decision are reviewed *de novo*, as are claims that the Board did not provide reasoned consideration for its decision. *Li v. U.S. Att'y Gen.*, 488 F.3d 1371, 1374 (11th Cir. 2007); *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 872 (11th Cir. 2018). However, we lack jurisdiction to review the Board's decision to deny *sua sponte* reopening. *Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1286 (11th Cir. 2016).

## III.

In light of *Niz-Chavez*, it is undisputed that the Board erred in its understanding of *Pereira*. Our only inquiry is whether, as the government suggests, we may deny the petition because the Board denied Andrade-Rodriguez's request for equitable tolling on other, more meritorious grounds. For his part, Andrade-Rodriguez contends that, to the extent it relied on other reasons to deny his motion, the Board failed to give reasoned consideration to his request for equitable tolling. We agree with Andrade-Rodriguez.

We have held that the Board must demonstrate that it "considered the issues raised and announced its decision in terms sufficient to enable a reviewing court to perceive that it has heard and

thought and not merely reacted." *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 803 (11th Cir. 2016) (cleaned up).

Here, apart from its now-erroneous view of *Pereira*, it is not clear why the Board denied equitable tolling. The Board said only that it was "not persuaded that equitable tolling [wa]s warranted" for Andrade-Rodriguez's motion. In its initial brief, the government suggested that the Board denied the motion based exclusively on its view of *Pereira*: "the best reading of the Board's decision is that it was declining to apply equitable tolling because *Pereira* did not constitute a change in the law as he argued—he is still ineligible for cancellation despite that decision." If so, we have explained why that reasoning was superseded by *Niz-Chavez*. It may also be, as the government now suggests, that the Board was persuaded that other reasons also justified denying equitable tolling. But the Board did not say as much. Therefore, we cannot say the Board gave reasoned consideration sufficient for our review. Accordingly, we remand for the Board to consider whether equitable tolling is warranted.

## IV.

We **GRANT** the petition for review, **VACATE** the order of the Board, and **REMAND** this matter for further proceedings.