[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11654

Non-Argument Calendar

_____

PEDRO MARTINEZ-GARCIA,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A075-205-378

_____

Before JORDAN, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Pedro Martinez-Garcia[1] petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal. He asserts that the BIA erroneously determined that he waived appellate review of the Immigration Judge's ("IJ") denial of his claim for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 1208.16(c). In response, the government argues that we are barred from reviewing Martinez-Garcia's petition for review because his claim is unexhausted. After review of the record and applicable law, we determine that we have jurisdiction to review the claim, but nevertheless deny the petition for review.

## I.    FACTUAL    BACKGROUND    &    PROCEDURAL HISTORY

Martinez-Garcia is a native and citizen of Honduras who entered the United States in 2014. In March 2017, the Department of Homeland Security ("DHS") detained Martinez-Garcia at the United States-Canadian border because he was removable by a

---

[1] Martinez-Garcia's real name is Pedro Isidro Triminio Caballero. When Martinez-Garcia was issued a notice to appear in his first deportation case, he was booked under the name Martinez-Garcia for an unknown reason. Because the present petition is filed under the name Pedro Martinez-Garcia, that is the name this Court will use in this opinion.

prior exclusion, deportation, or removal order pursuant to 8 U.S.C. § 1231(a)(5).

While Martinez-Garcia was in custody, DHS conducted a "reasonable fear" interview, in which Martinez-Garcia stated that he had previously come to the United States in 1996 and was later apprehended and removed. He entered the United States for a second time in 1998 and was again removed in 2005 for failing to appear for a traffic court hearing. He returned to the United States that same year and was again removed in 2012. He stated that he did not want to return to Honduras out of fear of being killed by his neighbor, who had previously threatened him and his family and instructed a group to drive by his house brandishing a firearm. He reported this incident to local police, and then sent his wife and child out of the country for fear of their safety. After he filed the police report, he received threatening phone calls.

DHS determined that Martinez-Garcia was credible and that he had shown a reasonable fear of torture if he were to return to Honduras. Therefore, DHS referred his case to an IJ. Martinez-Garcia, represented by counsel, later filed an application for asylum, withholding of removal, and CAT relief.

In August 2019, the IJ held a hearing to address Martinez-Garcia's application. Following the hearing, the IJ issued an oral decision denying Martinez-Garcia's application in full and ordering him removed to Honduras. Specific to Martinez-Garcia's request for CAT relief, the IJ concluded that Martinez-Garcia failed to establish his eligibility for such relief because he had never been

physically attacked and there was no evidence that he would face torture if he returned to Honduras.

Martinez-Garcia appealed the IJ's decision to the BIA. In his notice of appeal, Martinez-Garcia stated that "[t]he IJ erred in denying relief." He made specific arguments challenging the IJ's reasoning as it related to the denial of asylum and withholding of removal, and then asserted that his appeal encompassed "[a]ny other reason(s) that may become evident upon review of the record." He also filed a brief in support of his appeal. He again made specific arguments to the IJ's fact findings related to the denial of asylum and withholding of removal, citing to federal regulations and out-of-circuit precedent. He did not specifically address the IJ's denial of his CAT claim.

Ultimately, the BIA dismissed Martinez-Garcia's appeal. It found no error in the IJ's denial of asylum or withholding of removal. It then declined to review the IJ's denial of CAT relief, determining that Martinez-Garcia had waived review of the issue by failing to challenge the denial.

Martinez-Garcia, still counseled, now petitions this Court for review, arguing solely that the BIA erred in concluding that he had waived review of his CAT claim. In response, the government contends that we lack jurisdiction to consider this claim because the claim was not exhausted before the BIA, and that the claim is otherwise meritless.

## II.    DISCUSSION

We review only the decision of the BIA, except to the extent that the BIA expressly adopts or explicitly agrees with the IJ's opinion. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947-48 (11th Cir. 2010). We do not review issues that were not first considered by the BIA. *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016).

We may review a final order of removal only if a petitioner has exhausted all administrative remedies available as of right. 8 U.S.C. § 1252(d)(1). "[F]ailure to raise an issue to the BIA constitutes a failure to exhaust." *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 866 (11th Cir. 2018). A petitioner's failure to exhaust a claim before the BIA is a non-jurisdictional claim-processing rule that is generally applied "where . . . it has been asserted by a party." *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023).

To properly exhaust a claim, the petitioner must raise the "core issue" before the BIA and "set out any discrete arguments he relies on in support of that claim," in order to give the agency a "full opportunity" to consider the claim and compile an adequate record. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 800 (11th Cir. 2016) (internal quotation marks omitted). While a petitioner need not use "precise legal terminology," conclusory statements or mere passing references do not satisfy this requirement. *Id.* (internal quotation marks omitted).

Importantly, a petitioner cannot be penalized for failing to exhaust an argument regarding an error on the BIA's part that only arose once the BIA rendered its decision. *Indrawati v. U.S. Att'y Gen.*,

779 F.3d 1284, 1299 (11th Cir. 2015) (rejecting the government's exhaustion argument as "facially nonsensical" when the government argued that the petitioner allegedly failed to exhaust a claim that was based on "a decision not yet in existence"). Additionally, petitioners are not required by 8 U.S.C. § 1252(d)(1) to request discretionary forms of relief in a motion for reconsideration before the BIA to satisfy the exhaustion requirement. *Santos-Zacaria v. Garland*, 598 U.S. 411, 413-14 (2023).

We review for an abuse of discretion the BIA's summary dismissal of a petitioner's claim due to waiver. *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1143 (11th Cir. 2010). Under such review, we look to determine if the BIA's decision was "arbitrary or capricious." *Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1243 (11th Cir. 2013) (internal quotation marks omitted). The BIA only abuses its discretion if "it misapplies the law in reaching its decision" or "by not following its own precedents without providing a reasoned explanation for doing so." *Id.*

"The BIA has discretion to summarily dismiss claims where the record clearly indicates that the applicant has waived [his] right to appeal." *Lapaix*, 605 F.3d at 1144. To avoid wavier, the petitioner's "Notice of Appeal or any attachments thereto must specifically identify the findings of fact, the conclusions of law, or both, that are being challenged." *Lapaix*, 605 F.3d at 1145. While "a claim may remain viable if the core issue is maintained regardless of labels," an issue is generally deemed abandoned when the

petitioner "fails to offer argument on the issue," or makes "[p]assing references to the issue[]." *Id.*

Thus, as an initial matter, we do not lack jurisdiction to consider Martinez-Garcia's claim because the failure to exhaust is a non-jurisdictional claims-processing rule. *Kemokai*, 83 F.4th at 891. Additionally, although we will apply claims-processing rules when they are asserted by a party, the application of such rule in this case is inappropriate. Martinez-Garcia is challenging the BIA's determination that he waived review of the IJ's denial of CAT relief. Martinez-Garcia could not have raised this issue before the BIA because the issue did not arise until the BIA rendered its decision, *Indrawati*, 779 F.3d at 1299, nor was Martinez-Garcia required to move the BIA for reconsideration of that decision to adequately exhaust the claim, *Santos-Zacaria*, 598 U.S. at 413-14. As such, we have jurisdiction to review the merits of Martinez-Garcia's petition for review.

Nevertheless, we deny Martinez-Garcia's petition because the BIA did not abuse its discretion in determining that Martinez-Garcia waived BIA appellate review of the IJ's denial of his claim for CAT relief. Martinez-Garcia failed to raise the "core issue" before the BIA and did not set out any discrete arguments he relied on in support of his claim. *Jeune*, 810 F.3d at 800. At best, he made conclusory arguments and passing references to the IJ's denial of CAT relief, which is insufficient to exhaust a claim before the BIA. *Id.*

8                          Opinion of the Court                          23-11654

### III.    CONCLUSION

For the reasons set forth above, Martinez-Garcia's petition for review is **DENIED.**