[DO NOT PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 20-14482

Non-Argument Calendar

_____

CHRISTIANE LIMA DA CONCEICAO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

Agency No. A205-358-210

_____

Before BRANCH, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Christiane Lima Da Conceicao seeks review of the decision of the Board of Immigration Appeals ("BIA") denying her motion to reconsider its order summarily affirming the immigration judge's denial of her motion to reopen removal proceedings, in which the immigration judge issued an *in absentia* final order of removability.  Da Conceicao challenges the BIA's denial of her motion to reconsider, in which she reiterated her argument that she did not receive proper notice of the rescheduled hearing because she filed a change of address form with the post office but did not inform the immigration court of her new address.  For the reasons stated below, we deny the petition for review.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Da Conceicao, a native and citizen of Brazil, entered the United States on or about April 27, 2000, as a "nonimmigrant B2 with authorization to remain in the United States for a temporary period not to exceed October 26, 2000."  In October 2012, she was issued a Notice to Appear ("NTA"), which charged that she was removable under Immigration and Nationality Act ("INA") § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), for remaining in the United States longer than permitted after being admitted as a nonimmigrant.  The NTA noted that she had a hearing scheduled for November 6, 2012, before an immigration judge in Miami, Flori-

da.  The immigration court also mailed Da Conceicao a notice informing her of the November 6, 2012, hearing and noting her obligation to inform the immigration court of any change in her address.  The notice also informed Da Conceicao of the consequences of failing to appear at the hearing, including the entry of an order of removal in her absence.

At her November 6, 2012, hearing, Da Conceicao received a notice of a master hearing on April 16, 2013, in Miami.  The notice informed Da Conceicao of her obligation to inform the immigration court of any address change and of the consequences of failing to appear at her hearing, including ineligibility for cancellation for removal.

On April 16, 2013, Da Conceicao filed a change of address form with the immigration court.  At her hearing on April 16, 2013, Da Conceicao received a notice of master hearing for June 18, 2013.  This notice included a warning that every time she changed her address, she must file a change of address form with the immigration court and informed her of the consequences of failing to appear at her hearing.  On June 18, 2013, Da Conceicao's master hearing was again rescheduled for October 29, 2013, and she again received a notice of the schedule change, which included the warning about informing the immigration court if her address changed and the consequences of failing to appear.

On August 13, 2013, Da Conceicao filed a *pro se* application for cancellation of removal.  She included with her application a letter to the immigration judge explaining that she could

not afford an attorney and that she had no financial means to live in Brazil. Da Conceicao outlined the educational and emotional impact her children would experience if she were returned to Brazil. She included documentary evidence to support her application.

On October 29, 2013, Da Conceicao filed a change of address form with the immigration court. Also on October 29, 2013, Da Conceicao received notice that her master hearing was rescheduled to March 4, 2014. This notice again included the warning to inform the immigration court of any change of address and informed her of the consequences of failing to appear at the hearing.

On March 4, 2014, Da Conceicao received a notice of hearing for an individual hearing on March 18, 2015. This notice of hearing included the warning to inform the immigration court if her address changed and notified her of the consequences of failure to appear. Also on March 4, 2014, Da Conceicao filed another change of address form with the immigration court.

On February 26, 2015, Da Conceicao filed a change of address form with the immigration court, noting her new address in 1811 SW Palm City Road, Stuart, FL 34994. On March 18, 2015, Da Conceicao received a notice rescheduling her individual hearing to December 2, 2015. This notice included the warning to inform the immigration court if her address changed and informed her of the consequences of failing to appear.

On November 13, 2015, Da Conceicao received a notice via mail that her hearing was rescheduled for November 29, 2019. This notice included the warning to inform the immigration court if her address changed and informed her of the consequences of failing to appear at the hearing. Also included on this notice was the statement, "[y]our hearing will most likely be rescheduled at a later time. If your hearing is rescheduled, you will receive notice of the new date and time of your hearing."

On May 24, 2016, the immigration court mailed Da Conceicao a notice of hearing that her case was scheduled for a master hearing on August 3, 2016, in Miami. This notice included the warning to inform the immigration court if her address changed and informed her of the consequences of failing to appear at the hearing. On July 18, 2016, the immigration court sent Da Conceicao a notice of hearing that her master hearing was scheduled for March 15, 2017. The notice informed Da Conceicao of her obligation to advise the immigration court of any change of address and of the consequences of failing to appear at her hearing. This notice was sent to Da Conceicao's address at "1811 SW Palm City Road," but was returned as "unclaimed" and "unable to forward."

On March 15, 2017, Da Conceicao's case was rescheduled, to April 19, 2017, and the immigration court sent her notice by mail to the 1811 SW Palm City Road address with the addition of apartment "#202." The notice informed Da Conceicao of her obligation to notify the immigration court of any address change and warned her of the consequence of failing to appear at the

hearing. This notice was returned to the immigration court as "not deliverable as addressed" and "unable to forward."

Da Conceicao did not appear at the April 19, 2017, hearing, and the immigration judge proceeded *in absentia*. The immigration judge found that Da Conceicao had previously admitted the factual allegations in the NTA and had conceded removability. The immigration judge thus found removability established as charged.

On March 26, 2018, Da Conceicao filed a motion to reopen her removal proceedings, vacate the order of removal *in absentia*, and seek cancellation of removal. Da Conceicao asserted that she learned of the *in absentia* decision through the immigration court's automated system. She argued that she merited a favorable exercise of discretion because she had no criminal history and had "been an extremely hardworking individual, law abiding citizen of good moral character and files taxes to the Internal Revenue Service," all of which showed her good moral conduct. Da Conceicao argued that her American citizen children would suffer incredible hardship if returned to Brazil. She further argued that she was provided with a notice to appear at the immigration court on November 29, 2019, and that she "never received any notice of rescheduling," and in the "best interest of justice and fairness" she should not be removed *in absentia*. Da Conceicao argued that the evidence in the record showed that she did not receive the notice rescheduling her hearing and therefore due process was not satisfied. Da Conceicao also filed a change of ad-

dress form with the immigration court, changing her address, from 1811 SW Palm City Road to 370 SW Colesbury Ave, Port St. Lucie, FL 34953.

On April 12, 2018, the immigration judge issued an order denying Da Conceicao's motion to reopen her removal proceedings. The immigration judge recited the history of schedule changes and noted that Da Conceicao received multiple notices to appear that included warnings to submit a change of address form if she moved and of the consequences of failing to appear. The immigration judge noted that Da Conceicao did not appear at her scheduled hearing on March 15, 2017. The immigration judge further noted that instead of proceeding in *in absentia* on March 15, she rescheduled the hearing and sent Da Conceicao another notice at her address of record, with the addition of an apartment number. The immigration judge noted that Da Conceicao did not appear at her rescheduled hearing on April 19, 2017, and therefore proceeded *in absentia*.

The immigration judge found that Da Conceicao premised her motion to reopen "solely on lack of notice." The immigration judge found, however, that Da Conceicao received sufficient notice of her hearing on April 19, 2017, because all hearing notices were properly addressed to the last address she provided to the immigration court and sent by regular mail according to normal office procedures. The immigration judge further found that Da Conceicao received sixteen warnings of her duty to submit address changes to the immigration court and of the consequences

of failing to appear at a hearing. In addition, the immigration judge found that Da Conceicao submitted four change of address forms throughout her removal proceedings, demonstrating that "she was aware of her affirmative duty to notify the Court when her address changed again." The immigration found that Da Conceicao received proper notice in accordance with INA § 239(a)(1)–(2), 8 U.S.C. § 1229(a)(1)–(2), and declined to reopen her proceedings or rescind the *in absentia* order of removal. A copy of the order was mailed to Da Conceicao at her "1811 SW Palm City Rd., #202" address.

On May 14, 2018, Da Conceicao filed a second emergency motion to reopen her removal proceedings, asserting that she had appeared for all hearings except the April 19, 2017, hearing, and that her failure to appear at that hearing was due to her misunderstanding of when it was scheduled to occur.

On September 12, 2018, the immigration judge noted an administrative error in service of the first order and reissued the order denying Da Conceicao's motion to reopen. Other than the first paragraph discussing the administrative error, the reissued order was the same as the original.

Da Conceicao filed an appeal to the BIA of the immigration judge's denial of her motion to reopen her proceedings and rescind the *in absentia* order of removal. In her brief to the BIA, Da Conceicao asserted that she was concerned with supporting her two teenagers and worked seven days a week cleaning houses to provide for her children. She asserted that she "made the proper

change of address with the local post office." Da Conceicao argued that she had no intention to fail to appear for her hearing because she was "prima facie" eligible for cancellation of removal due to the hardship her children would endure if removed. Da Conceicao argued that the immigration judge incorrectly found that she failed to show that she did not receive proper notice and that she had been advised of the consequences of failing to appear and of her address obligations. Da Conceicao asserted that she had moved "from place to place due to serious financial constraint" as she worked cleaning residential homes to support her children. Da Conceicao argued that the immigration judge failed to recognize the "real issues" her case presented with her unintentional failure to appear for such an important hearing and argued that the "decision to deny reopening is an unfair discretionary decision."

On May 14, 2020, the BIA affirmed the immigration judge's order without an opinion and dismissed Da Conceicao's appeal.

On June 4, 2020, Da Conceicao filed a motion to reconsider the BIA's order. Da Conceicao argued that her children had never visited Brazil, did not read or write Portuguese, and would be deprived of an opportunity to obtain an education in Brazil and that it would be difficult for them to adjust to life in Brazil if they were forced to relocate with their mother. Da Conceicao reiterated her argument that she made the change of address with the local post office, assuming that any correspondence would be forwarded. She argued that her failure to appear was beyond her

control and that she would not benefit from failing to appear because she had a "'prima facie' application for relief in the form of cancellation of removal based on the exceptional and extremely unusual hardship" to her children if forced to move to Brazil. Da Conceicao argued that the BIA violated her due process rights by offering no explanation and affirming without opinion.

On November 4, 2020, the BIA denied Da Conceicao's motion to reconsider, noting that she admitted that she moved and relied on the change of address form she submitted to the post office for her mail. The BIA further noted that Da Conceicao admitted that she did not file a change of address with the immigration court. The BIA determined that Da Conceicao did not identify any error in its decision affirming the immigration judge and noted that the immigration judge found that the notice was sent to Da Conceicao at her last known address. The BIA noted the immigration judge's determination that Da Conceicao knew of her obligation to submit a change of address form to the immigration court because she had done so four times during her removal proceedings. The BIA concluded that the immigration judge applied controlling law in denying Da Conceicao's motion to reopen and that while Da Conceicao may disagree with the outcome of her case, she did not establish an error of fact or law in the BIA's affirmance of the immigration judge's decision.

On November 30, 2020, Da Conceicao filed a petition for review of the BIA's denial of her motion to reconsider.

## II.    STANDARD OF REVIEW

We review the BIA's denial of a motion to reconsider for an abuse of discretion, under which we will only determine whether the BIA exercised its discretion arbitrarily or capriciously. *Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1242–43 (11th Cir. 2013). "The BIA abuses its discretion when it misapplies the law in reaching its decision," or when it fails to follow its own precedents "without providing a reasoned explanation for doing so." *Id.* at 1243. When the BIA issues a summary affirmance of the immigration judge's opinion, the immigration judge's decision becomes the final removal order subject to review. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230 (11th Cir. 2005).

## III.    ANALYSIS

In her petition, Da Conceicao argues that she was denied due process because she was not provided with notice and an opportunity to be heard. Da Conceicao argues that: (1) she did not receive the notice for the immigration judge's automatic reschedule of her hearing; (2) that she relocated and informed the United States Post Office of her change of address; and (3) when she found out that an *in absentia* order was entered, she filed a motion to reopen, arguing that her failure to appear was beyond her control.

In response, the government argues that Da Conceicao failed to demonstrate that the BIA's denial of her motion to reconsider was arbitrary or capricious. The government contends

that Da Conceicao failed to establish any error of fact or law in the BIA's prior decision in which it affirmed, without opinion, the immigration judge's denial of her motion to reopen and rescind her *in absentia* order of removal.  The government asserts that Da Conceicao was given sufficient notice of the April 19, 2017, hearing at her last known address, and her failure to appear was due to her failure to comply with her statutory obligation to notify the immigration court of her address change.  The government notes that Da Conceicao was aware of this responsibility, as demonstrated by her four prior address changes she filed with the immigration court.  The government also notes that the immigration court sent Da Conceicao a notice of hearing to her address on file, and when she failed to appear for that hearing, it rescheduled the hearing and sent her another notice.  The government explains that it was only after Da Conceicao failed to appear a second time that the immigration judge entered the *in absentia* order of removal.  The government further argues that Da Conceicao failed to present any meritorious due process claim in her challenge to the BIA's affirmance of the denial of her motion to reopen and rescind her *in absentia* order of removal.  Lastly, the government argues that Da Conceicao's challenge to the BIA's affirmance of the immigration judge's decision, without an opinion, is not before this Court because she failed to file a petition for review of that decision of the BIA.

"To establish due process violations in removal proceedings, aliens must show that they were deprived of liberty without

20-14482                Opinion of the Court                13

due process of law, and that the asserted errors caused them substantial prejudice." *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008) (quoting *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1341–42 (11th Cir. 2003) (per curiam)). However, the failure to receive relief that is purely discretionary in nature, such as the grant of a motion to reconsider, does not amount to a deprivation of a liberty interest. *See id.* (noting that the discretion to grant or deny a motion to reopen or reconsider is very broad).

The BIA may affirm the immigration judge's decision without an opinion, if it determines that the result was correct, any errors were harmless and immaterial, and the factual and legal issues raised are not so substantial that the case warrants a written opinion. *See Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1288 (11th Cir. 2003); 8 C.F.R. § 1003.1(e)(4). A summary affirmance does not violate any due process rights, as under the regulations, entitlement to a full opinion by the BIA does not exist. *Mendoza*, 327 F.3d at 1289.

To initiate removal proceedings, the alien must be served with a NTA specifying, among other things, the nature of the proceedings, the charges against the alien, the requirement that the alien provide address and telephone contact information, the consequences of failing to appear for the alien's removal hearing, and the time and place where the proceedings will be held. INA § 239(a), 8 U.S.C. § 1229(a); 8 C.F.R. § 1003.14. When an alien fails to attend her removal proceeding, she will be ordered removed *in absentia* so long as she is removable and was provided

with written notice of the proceeding.   INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A).  Notice must be given in person or served by mail to the alien.  INA § 239(a)(1), (2)(A), 8 U.S.C. § 1229(a)(1), (2)(A).  Notice is sufficient if it is sent to the most recent address provided by the alien.    INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A).  The alien has an affirmative responsibility to keep the government informed of her correct, current address. *Dominguez v. U.S. Att'y Gen.*, 284 F.3d 1258, 1260 (11th Cir. 2002).

When notice is sent by regular mail, the BIA applies a presumption of receipt that is weaker than the strong presumption of receipt afforded notice sent by certified mail.  *In re M-R-A*, 24 I. & N. Dec. 665, 673 (BIA 2008).  When an alien moves to reopen her proceedings and rescind an *in absentia* order of removal by arguing that she did not receive a notice of hearing sent by regular mail to the most recent address he provided the court, the immigration judge must consider all relevant evidence submitted to overcome the weaker presumption of receipt.  *Id.* at 673–74.  The immigration judge should consider several factors when deciding whether the alien rebutted the presumption of delivery, including, but not limited to: (1) the alien's affidavit; (2) affidavits from family members or others with knowledge of whether notice was received; (3) the alien's actions upon learning of the *in absentia* order and her due diligence in seeking to redress the situation; (4) any prior affirmative application for relief that would indicate that the alien had an incentive to appear; (5) any prior application for

relief or *prima facie* evidence that the alien would be statutorily eligible for relief, indicating that he had an incentive to appear; (6) the alien's previous attendance at immigration court hearings; and (7) any other circumstances or evidence indicating possible nonreceipt of notice. *Id.* at 674.

An order entered *in absentia* may be rescinded upon the alien's motion to reopen, filed at any time, if the alien demonstrates that she did not receive proper notice of the removal proceedings. INA § 240(b)(5)(C)(ii), 8 U.S.C. § 1229a(b)(5)(C)(ii). Otherwise, the order may be rescinded only if the alien files a motion to reopen within 180 days after entry of the order and demonstrates that her failure to appear was because of exceptional circumstances. INA § 240(b)(5)(C)(i), 8 U.S.C. § 1229a(b)(5)(C)(i). "Exceptional circumstances" are those beyond the control of the alien and include battery, cruelty, serious illness, or death of the alien or his spouse, child, or parent, "but not including less compelling circumstances." INA § 240(e)(1), 8 U.S.C. § 1229a(e)(1).

Additionally, a motion to reconsider must specify any error of fact or law in the previous BIA decision. 8 C.F.R. § 1003.2(b)(1). A motion to reconsider challenges the correctness of the original decision. *In re O-S-G*, 24 I. & N. Dec. 56, 57 (BIA 2006). Merely reiterating arguments previously presented does not meet the requirement of specifying an error of fact or law in the previous BIA decision. *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1329 (11th Cir. 2007).

A petition for review of a final order of removal must be filed within thirty days of the date of that order. INA § 242(b)(1), 8 U.S.C. § 1252(b)(1). A motion for reconsideration does not toll the time to petition for review of the underlying final order of removal. *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005). If an alien does not file a petition for review of a final order of removal, we do not have jurisdiction to consider it on appeal. *Avila v. U.S. Att'y Gen.*, 560 F.3d 1281, 1285 (11th Cir. 2009).

Here, as an initial matter, Da Conceicao's complaint that the BIA did not issue an opinion in its affirmance of the immigration judge's decision is not properly before this Court because she did not file a petition for review of that decision by the BIA. *See id.* Moreover, the BIA's summary affirmance procedures do not violate an alien's due process rights. *See Mendoza*, 327 F.3d at 1289.

Next, turning to the merits of Da Conceicao's petition for review, our review is only of the BIA's order denying Da Conceicao's motion for reconsideration. Thus, we will consider only whether the BIA abused its discretion in denying Da Conceicao's motion to reconsider and will not consider any arguments challenging the underlying order. *See Ferreira*, 714 F.3d at 1243. In her brief on appeal, Da Conceicao largely reiterates her argument that she did not receive notice of the hearing, which denied her due process. She does not, however, argue that the BIA misapplied the law or failed to follow its precedents in denying her re-

consideration motion.  *See Ferreira*, 714 F.3d at 1243.  In any event, the BIA noted, and the record supports the finding, that she received notice of her hearings and she knew of her duty to submit a change of address form if she moved.  And the BIA noted that she had previously filed four change of address forms with the immigration court but, when Da Conceicao made the relevant change of address here, she changed it with the post office and assumed that any correspondence would be forwarded.

Furthermore, Da Conceicao does not claim that she complied with her affirmative obligation to inform the immigration court or the government of this change of address.  Consequently, her failure to receive the two notices of the March 15, 2017, and April 19, 2017, hearings does not mean that she did not receive due process.  Mailing such notices to the last recorded address of an alien is all that the statute and due process require.  INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A); *Dominguez*, 284 F.3d at 1259–60.  Moreover, the immigration judge specifically noted that it did not proceed *in absentia* at the first hearing Da Conceicao missed, and instead rescheduled her hearing and sent another notice of hearing with the addition to the address of an apartment number, in an effort to provide her with notice.

While Da Conceicao may have disagreed with the immigration judge's denial of her motion to reopen and the BIA's summary affirmance of that decision, she simply reiterated in her motion to reconsider the arguments that she previously presented and did not point to any error of fact or law that the BIA made in

summarily affirming the immigration judge. *See* 8 C.F.R. § 1003.2(b)(1); *Calle*, 504 F.3d at 1329. Therefore, she cannot show that the BIA misapplied the law or exercised its discretion arbitrarily or capriciously in denying her motion to reconsider. *See Ferreira*, 714 F.3d at 1243. Lastly, the decision to grant or deny a motion to reconsider is purely discretionary, and the failure to receive that relief is not a deprivation of a liberty interest, and thus Da Conceicao cannot establish a due process violation due to the BIA's denial of her motion to reconsider. *See Scheerer*, 513 F.3d at 1253.

Because we conclude that the BIA did not misapply the law or exercise its discretion arbitrarily or capriciously in denying Da Conceicao's motion for reconsideration, we deny the petition for review.

**PETITION DENIED.**