[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12930

Non-Argument Calendar

_____

JONIDA CEPA BRAHOLLARI,
DRITAN BRAHOLLARI,

Petitioners,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A099-635-674

_____

Before JORDAN, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

Jonida Cepa Brahollari and Dritan Brahollari (the "Brahollaris") seek review of the Board of Immigration Appeals's ("BIA") order denying their motion to reopen its decision affirming the immigration judge's denial of their application for asylum, withholding of removal, and United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT") protection. First, they argue that the BIA abused its discretion in denying their motion because it failed to consider evidence that they were diligent in pursuing their claim and that their hearing counsel was ineffective. Second, they argue that the BIA abused its discretion by failing to consider evidence that established changed circumstances for members of the Democratic Party and women in Albania. We address each point in turn.

## I.

We review the denial of a motion to reopen an immigration proceeding for an abuse of discretion. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). Under this standard, we will only determine whether the BIA exercised its discretion arbitrarily or capriciously. *Id.* The BIA abuses its discretion when it misapplies the law in reaching its decision or when it fails to follow its own precedents without providing a reasoned explanation for doing so. *Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1243 (11th Cir. 2013).

21-12930               Opinion of the Court                    3

The petitioner bears a heavy burden in proving arbitrariness or capriciousness because motions to reopen in the context of removal proceedings are particularly disfavored. *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).

Arguments not raised in the initial brief, however, are deemed abandoned, and we need not consider them. *See United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc). A passing reference to an argument, without any reasoned analysis, is insufficient to preserve that argument on appeal. *United States v. Stein*, 846 F.3d 1135, 1151 n.15 (11th Cir. 2017); *see also United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998) (explaining that when a defendant does not offer any argument regarding an issue on appeal, they are considered to have abandoned that issue).

## II.

An alien may move to reopen a removal order. 8 U.S.C. § 1229a(c)(7). Generally, only one motion to reopen proceedings is allowed, and it must be filed within ninety days of the date of entry of the administratively final order of removal. *Id.* § 1229a(c)(7)(A), (C). The time requirement is non-jurisdictional, however, and is subject to equitable tolling. *Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1365 (11th Cir. 2013). To establish equitable tolling, litigants must show that: (1) they pursued their rights diligently; and (2) some extraordinary circumstance stood in their way. *Id.* at 1363 n.5. The diligence required for equitable tolling purposes is "reasonable diligence," not maximum feasible diligence. *Holland v.*

*Florida*, 560 U.S. 631, 653 (2010). Reasonable diligence does not require litigants to exhaust every imaginable option, but they must provide evidence that they made some reasonable efforts. *See Smith v. Comm'r, Ala. Dep't of Corr.*, 703 F.3d 1266, 1271 (11th Cir. 2012).

For an immigration court to reopen a removal order based on ineffective assistance of counsel, petitioners must establish both that: (1) counsel's performance was deficient to the point that it impinged upon the fundamental fairness of the hearing such that the aliens were unable to reasonably present their case; and (2) counsel's deficiency prejudiced them. *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1274 (11th Cir. 2005). To demonstrate prejudice, the petitioners must demonstrate that the performance of counsel was so inadequate that there is a reasonable probability that, but for the attorney's error, the outcome of the proceedings would have been different. *Sow v. U.S. Att'y Gen.*, 949 F.3d 1312, 1318 (11th Cir. 2020). Petitioners can establish prejudice by making a *prima facie* showing that they would have been eligible for the relief sought. *Dakane*, 399 F.3d at 1274–75.

Here, we conclude that the BIA did not abuse its discretion in denying the Brahollaris's motion to reopen because they did not timely file their motion and because they also abandoned any argument on whether equitable tolling was proper. We also conclude that their ineffective assistance claims fail because they do not explain how they were prejudiced by their hearing counsel's purported errors.

### III.

The ninety-day time limit for motions to reopen does not apply to applications "for asylum or withholding of deportation based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *accord* 8 U.S.C. § 1229a(c)(7)(C)(ii). A motion to reopen proceedings before the BIA shall state the new facts that will be proven at the hearing if the motion is granted and shall be supported by affidavits or other evidentiary material. 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1). An alien cannot avoid the "changed country conditions" requirement in 8 C.F.R. § 1003.2(c)(3)(ii) and 8 U.S.C. § 1229a(c)(7)(C)(ii) by demonstrating only a change in his or her personal circumstances. *Zhang*, 572 F.3d at 1319.

"In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, we compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007). When weighing the evidence, the BIA is not required to discuss every piece of evidence or "list every piece of evidence in the record" to justify its decision. *Jean-Pierre v. U.S. Att'y. Gen.*, 500 F.3d 1315, 1325 (11th Cir. 2007).

Here, we conclude that the BIA did not abuse its discretion in determining that the Brahollaris did not sufficiently demonstrate changed circumstances from the time of their initial hearings—in 2009 and 2011—to the time of their motion to reopen—in 2018—to merit a reopening of proceedings.

Accordingly, we deny the Brahollaris' petition for review.

**PETITION DENIED.**