[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10647

Non-Argument Calendar

_____

RENE ASTUL LOPEZ-PORTILLO,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A201-341-454

_____

Before WILSON, ROSENBAUM, and ABUDU, Circuit Judges.

PER CURIAM:

Petitioner Rene Astul Lopez-Portillo petitions for review from the Board of Immigration Appeals's (BIA) order denying his motion to reconsider following our partial remand. He argues that the BIA continued to engage in impermissible fact-finding in violation of our prior mandate, and he challenges the BIA's consideration of the hardship evidence he proffered. After careful review, we grant his petition and remand to the BIA to reconsider his application for cancellation of removal.

**I.**

In May 2019, the Department of Homeland Security served Lopez-Portillo, who is a native citizen of El Salvador, with a notice to appear, alleging that he had entered the United States without being admitted or paroled at an unknown date and charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i). He conceded removability and applied for cancellation of removal, arguing that his removal would cause a substantial hardship to his children, who are United States citizens.

At his merits hearing, Lopez-Portillo testified and submitted evidence to support his application. After considering all the evidence, in an oral decision, the immigration judge (IJ) granted Lopez-Portillo's application for cancellation of removal. The IJ stated that the son's worsening eczema after Lopez-Portillo was detained reflected the level of hardship the children faced without

24-10647               Opinion of the Court               3

their father.  He also focused on the fact that the son, who spoke only English, did not speak the same language as their mother.  He found that the evidence was uncontroverted that translation was needed to communicate with the children.  The IJ found that Lopez-Portillo was the sole breadwinner for the family, that the family was at risk of losing their house, that removal could result in the children becoming wards or public charges, and that the family would be below the poverty level should removal occur.  Thus, he found that the children would face exceptional and extremely unusual hardship if Lopez-Portillo were removed.  Alternatively, the IJ found that, if the children were to follow Lopez-Portillo to El Salvador, they would be living in a country where they would not understand the language, where they had no ties, and where Lopez-Portillo's earnings would be significantly less.  The government appealed to the BIA.

In March 2020, the BIA sustained the government's appeal, vacated the IJ's grant of cancellation of removal, and ordered Lopez-Portillo's removal to El Salvador.  As for the language barrier between Lopez-Portillo's son and his wife, the BIA found that "any related problems upon removal [we]re a foreseeable event and [did] not tip the balance of the hardship equation" in Lopez-Portillo's favor, and, in any event, Lopez-Portillo's friend testified that he primarily spoke with Lopez-Portillo's son in Spanish.  The BIA also noted that Lopez-Portillo's children "ha[d] no special health or other issues."  It stated that Lopez-Portillo's spouse was "a native and citizen of El Salvador, and there [was] no indication that she could not resume gainful employment there in

order to contribute to the support of herself and her children." It stated that Lopez-Portillo's children "are United States citizens who are under no legal obligation to depart the United States, and they will be able to visit him in El Salvador and return to the United States." Lopez-Portillo did not petition this court for review of the March 2020 order.

In April 2020, at the BIA, Lopez-Portillo moved to reconsider the March 2020 order. He asserted that the BIA engaged in impermissible factfinding when it discussed the language barrier that his children faced despite the IJ's uncontroverted finding that a translator would be needed to communicate between mother and child. In August 2020, the BIA denied Lopez-Portillo's motion for reconsideration. It rejected Lopez-Portillo's argument that it had engaged in impermissible fact-finding. It determined that Lopez-Portillo had not provided a new legal argument or ground on which to reconsider its March 2020 order.

Lopez-Portillo petitioned this court for review of the BIA's August 2020 order denying his motion for reconsideration. We concluded that the BIA erred by failing to consider the new legal argument—that the BIA had applied the incorrect standard in the March 2020 order by reviewing the IJ's factual findings de novo, leading to impermissible fact-finding by the BIA—which was raised by Lopez-Portillo in his motion for reconsideration.[1] *Lopez-Portillo*

---

[1] This court issued an opinion dismissing his petition in part and denying it in part. Lopez-Portillo filed a petition for rehearing, which the panel granted, vacating its previous opinion.

24-10647                Opinion of the Court                5

*v. U.S. Att'y Gen.*, No. 20-13389, 2021 WL 3161811, at *4 (11th Cir. July 27, 2021) (per curiam). The court noted that the BIA disregarded Lopez-Portillo's argument altogether by disagreeing with his characterization of the decision as engaging in fact-finding. *Id.* It concluded that the BIA's statement, that there were no new legal arguments, could not allow this court to know whether the BIA gave this issue reasoned consideration or even considered the legal question at all. *Id.* The court granted Lopez-Portillo's petition to that extent and remanded for consideration of the new legal question.[2] *Id.*

On remand, Lopez-Portillo argued that the BIA made several impermissible findings of fact, and the BIA again denied Lopez-Portillo's motion to reconsider. First, it agreed that it engaged in impermissible fact-finding by stating that Lopez-Portillo's children had no special health issues. It retracted that statement and concluded that its impermissible finding was not determinative to the analysis because the IJ stated that the children's health conditions did not largely factor into his decision. Next, the BIA retracted its statement that Lopez-Portillo's friend testified that when he speaks to Lopez-Portillo's son, it is primarily in Spanish. It concluded that, even without consideration of this statement, its analysis did not change the conclusion that Lopez-Portillo had failed to establish that his children will experience exceptional and

---

[2] The court also dismissed some of Lopez-Portillo's other claims as jurisdictionally barred and denied his remaining claims. *Lopez-Portillo*, 2021 WL 3161811, at *5.

6                    Opinion of the Court                    24-10647

extremely unusual hardship upon his removal. It emphasized that it relied on the IJ's factual findings that the children lacked Spanish fluency, and their mother lacked English fluency. Finally, it stated that it considered the IJ's factual findings about the emotional and financial hardship of the children, Lopez-Portillo's and his spouse's employment histories, and the potential hardships that the children would face. Lopez-Portillo timely petitioned for review of the BIA's decision to this court.[3]

## II.

"We review the BIA's denial of a motion to reconsider for abuse of discretion." *Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1242 (11th Cir. 2013). "The BIA abuses its discretion when it misapplies the law in reaching its decision."[4] *Id.*

Under 8 U.S.C. § 1229b(b)(1), a noncitizen's removal can be cancelled if the noncitizen: (A) has been physically present in the

---

[3] On appeal, Lopez-Portillo moved for an emergency stay of his removal proceedings pending the outcome of his petition for review. In a 2-1 order, the court granted his motion, finding Lopez-Portillo met the requirements for a stay. The government moved for reconsideration, which was denied in another 2-1 order.

[4] As the Supreme Court recently clarified, the BIA's determination that an applicant for cancellation of removal failed to establish the requisite hardship to a qualifying relative is a mixed question of law and fact where the facts are undisputed or otherwise established. *See Wilkinson v. Garland*, 601 U.S. 209, 217 (2024). This review is deferential in nature. *Id.* at 222. But exercising deferential agency review does not equate to a "rubber stamp" of an agency determination. *Sec. Walls, LLC v. NLRB*, 80 F.4th 1277, 1285 (11th Cir. 2023) (alteration adopted).

24-10647                Opinion of the Court                7

United States for a continuous period of at least ten years immediately preceding the date of his application; (B) has been a person of good moral character during such period; (C) has not been convicted of an offense under 8 U.S.C. §§ 1182(a)(2), 1227(a)(2), or 1227(a)(3); and (D) establishes that removal would result in exceptional and extremely unusual hardship to the noncitizen's spouse, parent, or child, who is a citizen of the United States or noncitizen lawfully admitted for permanent residence.  The parties only dispute the last element under 8 U.S.C. § 1229b(b)(1)—that removal would result in exceptional and extremely unusual hardship to the noncitizen's family member.  "The exceptional and extremely unusual hardship for cancellation of removal is based on a cumulative consideration of all hardship factors."  *Matter of J-J-G-*, 27 I. & N. Dec. 808, 810–15 (BIA 2020).

First, the BIA specifically noted that none of the IJ's factual findings were clearly erroneous.  Those findings include: (1) neither child speaking the same language as their mother; (2) the worsening of the son's eczema's reflecting the emotional hardship suffered by the children in their father's absence; (3) Lopez-Portillo functioning as the sole breadwinner; and (4) in the case of Lopez-Portillo's removal, the children subsisting below poverty level based on the mother's employment history and possibly becoming wards of the state or public charges.  The IJ further prospectively found that the children would suffer emotionally if they were moved to El Salvador with their parents, where they do not speak the language and only two other relatives live (Lopez-Portillo's mother and stepfather).

As the BIA has noted, "the exceptional and extremely unusual hardship standard for cancellation of removal applicants constitutes a high threshold that is in keeping with Congress' intent to substantially narrow the class of aliens who would qualify for relief. *Matter of Gonzalez Recinas*, 23 I. & N. Dec. 467, 470 (B.I.A. 2001); *see also Matter of Andazola*, I. & N. Dec. 319, 324 (B.I.A. 2002); *Matter of Monreal*, 23 I. & N. Dec. 56, 59–60 (B.I.A. 2001). But "the hardship standard is not so restrictive that only a handful of applicants, such as those who have a qualifying relative with a serious medical condition, will qualify for relief." *Matter of Gonzalez Recinas*, 23 I. & N. Dec. at 470. We consider this case to be on the outer limit of the narrow range of cases in which the exceptional and extremely unusual hardship standard is met.[5]

Lopez-Portillo's case is much like that of the noncitizen the BIA considered in *Gonzalez Recinas*. In that case, the BIA affirmed a grant of cancellation of removal to the noncitizen from Mexico who was the sole provider for her four U.S. citizen children. 23 I. & N. Dec. at 469–470, 471. Her U.S. citizen children had spent their whole lives in the United States and did not speak, write, or read Spanish. *Id.* at 470. The BIA also noted that removal of the noncitizen would prevent her from continuing "to provide a safe and supportive home for her children." *Id.* at 471.

In Lopez-Portillo's case, his children depend on him to provide housing. The IJ noted that, should Lopez-Portillo be

---

[5] But we find that the BIA did not engage in impermissible fact-finding in violation of our prior mandate or BIA procedures.

removed, the children likely would be forced to live on public assistance and face eviction from the only house they had ever known because of his wife's inability to pay the mortgage. Although Lopez-Portillo is married, his wife does not work, and Lopez-Portillo provides the only income for the family. His wife also does not speak the same language as the children. If the children were to stay with their mother in the United States, it would be forcing the children to live with a caregiver *with whom they cannot communicate*, below the poverty line, and during documented emotional turmoil. And if Lopez-Portillo and his wife were to move the family to El Salvador, his children would be living in a country where they do not speak the language and where they have little family, removing them from a safe and supportive environment here. We therefore find that Lopez-Portillo has made a showing that his U.S. citizen children would suffer "exceptional and extremely unusual hardship" if he were removed.

As there is no dispute that Lopez-Portillo met the other criteria for cancellation of removal, his petition is **GRANTED and REMANDED**.