[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-12192

Non-Argument Calendar

_____

JUANA MARIA PORTILLO-BAUTISTA,

                                          Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

                                          Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A200-240-343

_____

Before ROSENBAUM, BRANCH, and ABUDU, Circuit Judges.

PER CURIAM:

Juana Portillo-Bautista petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reconsider and her second motion to reopen proceedings. Because Portillo-Bautista abandoned any argument that the BIA abused its discretion by concluding that her untimely motion to reopen was not entitled to equitable tolling or by concluding that her second motion to reopen was number-barred, we deny her petition.

## I.    Factual Background

Portillo-Bautista, a native and citizen of El Salvador, entered the United States without inspection on or about July 30, 2011. In August 2011, the Department of Homeland Security ("DHS") served her with a notice to appear ("NTA"), which charged that she was removable pursuant to the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i),[1] for being an alien present in the United States without being admitted or paroled. The NTA ordered her to appear "on a date to be set" and "at a time to be set."

---

[1] In full, 8 U.S.C. § 1182(a)(6)(A)(i) states that "[a]n alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible."

Subsequently, in September 2011, Portillo-Bautista received a notice of hearing that provided the day and time of her master hearing before an immigration judge ("IJ").  An updated day and time was also provided to her after her case was transferred from California to Florida.  Then, before her hearing in 2012, Portillo-Bautista applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

After several years of proceedings on her asylum claims, an IJ eventually denied her application in 2017.  The IJ found that her testimony in support of her asylum application was not credible and that, even if it were, she still did not qualify for asylum.

Portillo-Bautista appealed to the BIA, arguing that the Immigration Court lacked jurisdiction over her case because her NTA was defective.  But on August 20, 2019, the BIA adopted and affirmed the decision of the IJ, concluding that the Immigration Court had jurisdiction over her case because she received additional hearing notices that specified the time, date, and place of her hearing.  Portillo-Bautista petitioned this Court for review, but we dismissed the petition in part and denied it in part.  *See Portillo-Bautista v. U.S. Att'y Gen.*, 823 F. App'x 756, 763 (11th Cir. 2020).

In October 2021, over two years after her removal order, Portillo-Bautista moved to reopen her removal proceedings based on *Niz-Chavez v. Garland*, 593 U.S. 155, 161, 171 (2021).  Under federal law, an alien may request cancellation of removal proceedings if they have been "physically present in the United

States for a continuous period" of at least 10 years before their application.   8 U.S.C. § 1229b(b)(1)(A).   However, that 10-year period stops running "when the alien is served a notice to appear." *Id.* § 1229b(d)(1).

*Niz-Chavez* limited this exception to the 10-year rule by holding that only a single NTA containing all the statutorily required information triggers this "stop-time" rule for cancellation of removal.  *See* 593 U.S. at 161, 171 Thus, Portillo-Bautista argued that because her initial NTA did not include the time and place at which her removal proceedings would be held, the NTA did not trigger the stop-time rule.  Under her theory, she continued to accrue time towards § 1229b(b)(1)'s ten-year presence requirement and became eligible for cancellation of removal on July 30, 2021. She further argued that *Niz-Chavez* was a change in the law that directly affected her case, and that reopening her removal proceedings was appropriate on that basis.

The BIA disagreed and denied her motion in February 2024. Under 8 U.S.C. § 1229a(c)(7)(C)(i), an alien must move to reopen her removal proceedings within 90 days of the date of entry of the final order of removal, meaning Portillo-Bautista's claims would be time barred unless they were subject to equitable tolling.  The BIA concluded they were not, reasoning that *Niz-Chavez* was not an extraordinary circumstance justifying tolling because, even if her NTA had not triggered the stop-time rule, she still would not have resided in the United States for the ten requisite years during her removal proceedings and the subsequent time during which she

could have moved to reopen.  The BIA also concluded tolling was not warranted because Portillo-Bautista had not exercised due diligence in pursuing her rights.  In so concluding, the BIA rejected as bases for equitable tolling the fact that Portillo-Bautista did not acquire ten years of continuous presence until after *Niz-Chavez* or the fact that DHS declined to join a motion to reopen.

In April 2024, Portillo-Bautista moved to reconsider the denial of her motion to reopen.  She argued that the BIA erred by concluding that her motion to reopen was not entitled to equitable tolling, contending that she had pursued her rights diligently and that extraordinary circumstances had stood in her way.  She also asserted for the first time that the Salvadorian government was detaining people related to gang members, and that if she returned to the country she would face "persecution, detention and unlawfully dying in prison" because her brother is affiliated with a gang.  She argued that these circumstances supported a finding of exceptional and extremely unusual hardship.  She thus concluded that on this basis, the BIA erred by not *sua sponte* reopening her removal proceedings, and she attached various new exhibits to her motion, including a 2022 human rights report and several articles documenting El Salvador's treatment of gang members.

The BIA denied the motion to reconsider.  The BIA ruled that it had made no error of law or fact in ruling that Portillo-Bautista's motion to reopen was untimely and not entitled to equitable tolling.  The BIA further found no error of law or fact in its determination that Portillo-Bautista could not make out a *prima*

*facie* case of eligibility for cancellation of removal or in declining to *sua sponte* reopen her removal proceedings. With respect to the additional evidence that Portillo-Bautista submitted, the BIA ruled that to the extent she sought to introduce new evidence, her motion to reconsider was properly construed as a separate motion to reopen, which was both untimely and number-barred. Portillo-Bautista's motion was thus denied.

Portillo-Bautista timely appealed.

## II.    Standard of Review

We review the BIA's denial of a motion to reconsider for abuse of discretion. *Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1242 (11th Cir. 2013). We also review the BIA's denial of a motion to reopen removal proceedings for abuse of discretion. *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).

## III.    Discussion

Portillo-Bautista raises two issues on appeal: that the BIA abused its discretion in denying her motion for reconsideration and that it abused its discretion in denying her motion to reopen. First, Portillo-Bautista argues that the BIA erred in denying her motion for reconsideration when it found no error in its decision that her motion to reopen did not merit equitable tolling and concluded that she could not establish *prima facie* eligibility for cancellation of removal. She contends that the BIA's conclusion that *Niz-Chavez* did not affect her eligibility for cancellation of removal contravenes BIA caselaw. She also contends that the BIA abused its discretion by concluding that *Niz-Chavez* was not an exceptional circumstance

warranting equitable tolling.  Second, Portillo-Bautista asserts that "[w]ithout reaching the issue of whether the Board abused its discretion in failing to equitably toll the one-motion rule . . . she can demonstrate her qualifying relatives would suffer exceptional and extremely unusual hardship if she were removed," based on her new evidence of the dangers she would face upon her return to El Salvador.

Turning first to her argument that the BIA abused its discretion in determining that equitable tolling did not apply, equitable tolling applies only if the litigant shows both (1) she has been pursuing her rights diligently and (2) some extraordinary circumstance stood in her way. *Ruiz-Turcios v. U.S. Att'y Gen.*, 717 F.3d 847, 851 (11th Cir. 2013).  Portillo-Bautista must prevail on both factors for equitable tolling to apply.  *Id.*  But here, although she notes that petitioners must show that they pursued their rights diligently for equitable tolling to apply, she does not argue that she exercised due diligence in pursuing reopening or that the BIA abused its discretion by concluding that she did not exercise due diligence.

This failure to challenge the BIA's determination that she did not diligently pursue her rights is fatal to Portillo-Bautista's claim on appeal.  When a petitioner fails to offer argument on an issue, that issue is generally deemed abandoned.  *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1145 (11th Cir. 2010).  And here Portillo-Bautista makes no mention of pursuing her rights diligently other than a general acknowledgment that petitioners must show due diligence

to be entitled to equitable tolling.  She has therefore failed to offer any argument that she pursued her rights diligently and has consequently abandoned the issue.  *Lapaix*, 605 F.3d at 1145.  As such, she cannot show that she was entitled to equitable tolling.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014); *Ruiz-Turcios*, 717 F.3d at 851.

Second, with regard to Portillo-Bautista's argument that the BIA abused its discretion in refusing to grant her motion to reopen on the basis of new evidence relating to the risks she faces in El Salvador, the BIA determined that the additional evidence submitted was best considered as offered in support of a motion to reopen her case.  However, under the INA, an alien is limited to filing one motion to reopen.  8 U.S.C. § 1229a(c)(7)(A).

Here, Portillo-Bautista has also failed to argue that the BIA abused its discretion by concluding that the additional evidence she submitted constituted a second motion to reopen or that it erred in denying it as number-barred.  She has therefore abandoned any argument that her additional evidence was not a number-barred second motion to reopen.  *Lapaix*, 605 F.3d at 1145.[2]  Accordingly, this argument also fails.

### IV.    Conclusion

---

[2] As this issue is determinative, we need not address Portillo-Bautista's other arguments relating to the further evidence she provided.  *See* 8 U.S.C. § 1229a(c)(7)(A) (limiting the number of motions to reopen that may be considered in immigration cases).

24-12192            Opinion of the Court            9

Portillo-Bautista has failed to challenge rulings of the BIA that are independently sufficient to bar her motions for reconsideration and to reopen. She has thus abandoned her arguments, and we deny her petition for review.

**PETITION DENIED.**