**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

———————————————

No. 25-11753

Non-Argument Calendar

———————————————

FARIDULLAH LIWAN KHIL,

*Petitioner,*

*versus*

U.S. ATTORNEY GENERAL,

SECRETARY, U.S. DEPARTMENT OF HOMELAND

SECURITY,

*Respondents.*

———————————————

Petitions for Review of a Decision of the

Board of Immigration Appeals

Agency No. A231-874-121

———————————————

———————————————

No. 25-13260

Non-Argument Calendar

———————————————

2                    Opinion of the Court                    25-11753

FARIDULLAH LIWAN KHIL,

                                                        *Petitioner,*

*versus*

U.S. ATTORNEY GENERAL,
U.S. DEPARTMENT OF HOMELAND SECURITY,
DIRECTOR, U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT (ICE),

                                                        *Respondents.*

                        _____

                Petitions for Review of a Decision of the
                    Board of Immigration Appeals
                        Agency No. A231-874-121
                        _____

Before WILLIAM PRYOR, Chief Judge, and JILL PRYOR and BRANCH,
Circuit Judges.

PER CURIAM:

    In these consolidated petitions, Faridullah Liwan Khil, a native and citizen of Afghanistan, petitions for review of an order affirming the denial of his applications for asylum and withholding of removal under the Immigration and Nationality Act, 8 U.S.C. §§ 1158(b)(1)(A), 1231(b)(3)(A), and for protection under the regulations implementing the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, 8 C.F.R. § 1208.16(c)-1208.18, and he petitions for review of an order denying his motion for reconsideration. The Board of Immigration Appeals affirmed that Liwan Khil was ineligible for

asylum and withholding of removal because he failed to prove past persecution or a well-founded fear of future persecution. The Board also affirmed the denial of Liwan Khil's eligibility for relief under the Convention. We deny the petitions.

We review the decision of the Board and the decision of the immigration judge to the extent that the Board expressly adopted or agreed with that decision. *Hasan-Nayem v. U.S. Att'y Gen.*, 55 F.4th 831, 842 (11th Cir. 2022). We review legal conclusions *de novo* and factual findings for substantial evidence. *Id.* Under the substantial evidence standard, we must deny relief if the findings are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (citation and internal quotation marks omitted). We may grant relief "only if the record compels reversal, and the mere fact that the record may support a contrary conclusion is insufficient to justify reversal." *Id.* (citation and internal quotation marks omitted). We review the denial of a motion to reconsider for abuse of discretion. *Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1242-43 (11th Cir. 2013). The Board abuses its discretion "when it misapplies the law in reaching its decision," or when it fails to follow its own precedents "without providing a reasoned explanation for doing so." *Id.* at 1243.

Liwan Khil challenges the decision of the Board on four grounds. First, he argues that the Board failed to provide reasoned consideration when it "rubberstamp[ed]" the immigration judge's designation of Brazil as his country of removal and dismissed his claims for asylum, withholding of removal, and relief under the

Convention without addressing the arguments or evidence that he presented. Second, he argues that substantial evidence does not support the findings that he failed to establish past persecution or a well-founded fear of future persecution. Third, he argues that the Board erred when it affirmed the denial of relief under the Convention. Fourth, he argues that the Board abused its discretion when it denied his motion for reconsideration. His arguments fail.

The Board gave reasoned consideration to Liwan Khil's arguments and issued an order "capable of review" because it identified the governing legal standards and engaged with his arguments and evidence. *See Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 874-75 (11th Cir. 2018), *overruled in part on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411, 419-23 & n.2 (2023). It correctly stated that Liwan Khil, while appearing before the immigration judge, voluntarily designated Brazil as his country of removal, which he was entitled to do. *See* 8 U.S.C. § 1231(b)(1). And it determined that substantial evidence did not support Liwan Khil's eligibility for asylum, withholding of removal, or relief under the Convention. The decision of the Board is "sufficient to enable [us] to perceive that it . . . heard and thought and [did] not merely react[]." *See Jathursan v. U.S. Att'y Gen.*, 17 F.4th 1365, 1372 (11th Cir. 2021).

Substantial evidence supports the finding that Liwan Khil did not suffer past persecution. To establish eligibility for asylum, an applicant bears the burden of establishing past persecution or a well-founded fear of future persecution. *Sanchez-Castro v. U.S. Att'y*

*Gen.*, 998 F.3d 1281, 1286 (11th Cir. 2021). Persecution is an "extreme concept" that requires "more than a few isolated incidents of verbal harassment or intimidation." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (citation and internal quotation marks omitted). Liwan Khil's testimony that the Taliban beat and threatened him once in 2021 describes the kind of isolated incidents that do not establish persecution. *See id.* And a death threat does not compel a finding of persecution unless the aggressor has the "immediate ability to act on it." *Diallo v. U.S. Att'y Gen.*, 596 F.3d 1329, 1333–34 (11th Cir. 2010). Liwan Khil testified that he remained in Afghanistan for 18 months after the incident before he fled to Brazil, which undermines the immediacy of any threat of death. *See id.*

Substantial evidence also supports the finding that Liwan Khil failed to establish a well-founded fear of future persecution. Absent past persecution, an applicant must establish a "reasonable probability" of future persecution upon return to his country. 8 C.F.R. § 1208.13(b)(1); *Mehmeti v. U.S. Att'y Gen.*, 572 F.3d 1196, 1200 (11th Cir. 2009). His fear must be subjectively genuine and objectively reasonable. *Mehmeti*, 572 F.3d at 1200. The objective requirement may be proved by "specific, detailed facts showing a good reason to fear that he . . . will be *singled out* for persecution," or that he is "a member of, or identified with, a group that is subjected to a pattern or practice of discrimination." *Lingeswaran v. U.S. Att'y Gen.*, 969 F.3d 1278, 1290 (11th Cir. 2020) (citations and internal quotation marks omitted). The Board was entitled to find that Liwan Khil failed to satisfy his burden.

The record supports a finding that Liwan Khil's fear is not objectively reasonable. *See Mehmeti*, 572 F.3d at 1200. He remained in Afghanistan for 18 months without incident or repeated visits from the Taliban after the 2021 incident. Although the Taliban targets those who worked for the United States or the Afghan government, the record fails to establish a "pattern or practice" of persecuting their relatives, particularly those who fled years ago. *See Lingeswaran*, 969 F.3d at 1290. And evidence of past targeting of his family members does not compel a finding of a current threat to Liwan Khil. *See id.*

Because Liwan Khil failed to establish eligibility for asylum, he necessarily failed to establish eligibility for withholding of removal or relief under the Convention. *See Kazemzadeh*, 577 F.3d at 1352 ("Where an applicant is unable to meet the 'well-founded fear' standard of asylum, he is generally precluded from qualifying for either asylum or withholding of removal." (alteration adopted) (citation and internal quotation marks omitted)); *see also Lingeswaran*, 969 F.3d at 1293 ("The burden of proof for an applicant seeking withholding of removal under the Convention, like that for an applicant seeking withholding of removal under the statute, is higher than the burden imposed on an asylum applicant."). And the Board did not abuse its discretion when it denied Liwan Khil's motion for reconsideration. A motion that "merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." *See Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1329 (11th Cir. 2007) (citation and internal quotation marks omitted).

25-11753                 Opinion of the Court                 7

## IV. CONCLUSION

We **DENY** the petitions for review.